1  RICHARD D. McCUNE, State Bar No. 132124
   rdm@mccunewright.com
2  DAVID C. WRIGHT, State Bar No. 177468
   dcw@mccunewright.com
3  McCuneWright LLP
   2068 Orange Tree Lane, Suite 216
4  Redlands, California 92374
   Telephone: (909) 557-1250
5  Facsimile: (909) 557-1275

6  *Attorneys for Plaintiffs and the Proposed Class*

7  ***[LIST OF ADDITIONAL COUNSEL ON SIGNATURE PAGE]***

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  THOMAS DAVIDSON, TODD CLEARY,          )  Case No.:  5:16-cv-4942
    and JUN BAI, on behalf of themselves and all  )
14  others similarly situated,                    )
                                                  )  **CLASS ACTION COMPLAINT**
15              Plaintiffs,                        )
                                                  )  1.  Violation of the California Consumer Legal
16  v.                                            )      Remedies Act (Cal. Civ. Code § 1750)
                                                  )  2.  Violation of California Unfair Competition
17  Apple, Inc.,                                  )      Laws (Cal. Bus. & Prof. Code § 17200)
                                                  )  3.  Violation of California False Advertising Law
18              Defendant.                         )      (Cal. Bus. & Prof. Code § 17500)
                                                  )  4.  Common Law Fraud
19                                                )  5.  Negligent Misrepresentation
                                                  )  6.  Unjust Enrichment
20                                                )  7.  Breach of Implied Warranty
                                                  )  8.  Breach of Written Warranty Under the
21                                                )      Magnuson-Moss Warranty Act (15 U.S.C.
                                                  )      § 2301, *et seq.*)
22                                                )  9.  Violation of the Song-Beverly Consumer
                                                  )      Warranty Act (Cal. Civ. Code § 1790)
23                                                )
                                                  )
24                                                )  **DEMAND FOR JURY TRIAL**
                                                  )
25  _____ )

26

27

28

1    Plaintiff Thomas Davidson, Plaintiff Todd Cleary, and Plaintiff Jun Bai ("Plaintiffs"),

2    individually, and on behalf of all others similarly situated, by and through counsel, bring this action

3    against Apple, Inc. ("Apple"). Plaintiffs' allegations herein are based upon the personal knowledge and

4    belief as to their own acts and upon the investigation of his counsel and information and belief as to all

5    other matters.

6                                          **INTRODUCTION**

7         1.    This action is brought by Plaintiffs, individually and on behalf of a class of similarly

8    situated owners of Apple's iPhone 6 and iPhone 6 Plus (together, the "iPhones"). This action arises from

9    Apple's concealment of a material design defect that causes the touchscreens on the iPhones to become

10   unresponsive and fail for their essential purpose as smartphones (the "Touchscreen Defect").

11        2.    Apple has long been aware of the defective iPhones. Yet, notwithstanding its

12   longstanding knowledge of this design defect, Apple routinely has refused to repair the iPhones without

13   charge when the defect manifests.

14        3.    Many other iPhone owners have communicated with Apple's employees and agents to

15   request that Apple remedy and/or address the Touchscreen Defect and/or resultant damage at no

16   expense. Apple has failed and/or refused to do so.

17        4.    As a result of Apple's unfair, deceptive and/or fraudulent business practices, owners of

18   the iPhones, including Plaintiffs, have suffered an ascertainable loss of money and/or property and/or

19   value. The unfair and deceptive trade practices committed by Apple were conducted in a manner giving

20   rise to substantial aggravating circumstances.

21        5.    Had Plaintiffs and other Class members known about the Touchscreen Defect at the time

22   of purchase, they would not have bought the iPhones, or would have paid substantially less for them.

23        6.    As a result of the Touchscreen Defect and the monetary costs associated with attempting

24   to repair such defect, Plaintiffs and the Class members have suffered injury in fact, incurred damages,

25   and have otherwise been harmed by Apple's conduct

26        7.    Accordingly, Plaintiffs bring this action to redress Apple's violations of California's

27   consumer fraud statutes, for fraud, negligent misrepresentation, breach of implied warranty, unjust

28

Class Action Complaint
Case No.:

1  enrichment, and for violations of the Magnuson-Moss Warranty Act and Song-Berkeley Consumer

2  Warranty Act.

3  **THE PARTIES**

4  8.      Plaintiff Todd Cleary is a resident of California. In or about September 2014, Plaintiff

5  purchased an iPhone 6 Plus from an Apple Store in California. After the limited warranty expired, the

6  touchscreen on his iPhone became unresponsive. Mr. Cleary contacted Apple and was informed that

7  Apple would not cover the repairs necessary to fix the defective touchscreen and also informed him that

8  Apple would only be able to upgrade him to the newest iPhone for approximately $350.00, which Mr.

9  Cleary declined. During this time, Mr. Cleary was in the middle of a business transaction and needed a

10  smartphone that worked properly, so Mr. Cleary purchased a Samsung Galaxy S7 and discontinued

11  using his iPhone 6 Plus.

12  9.      Plaintiff Jun Bai is a resident of Delaware. In or about January 2015, Plaintiff purchased

13  an iPhone 6 Plus from AT&T. In approximately July 2016, the touchscreen on Plaintiff's iPhone 6 Plus

14  became unresponsive. Plaintiff contacted Apple in August 2016 and made an appointment at the Apple

15  Store for August 21, 2016. During this appointment, Apple informed Plaintiff that the touchscreen issue

16  was caused by the logic board in the iPhone. Apple declined to fix the repair for Plaintiff and instead

17  offered him a replacement device for $329.00 plus tax, which Plaintiff declined. Plaintiff contacted

18  Apple Support and reinstalled the iPhone's software with assistance from an Apple representative. This

19  failed to correct the Touchscreen Defect and the touchscreen on Plaintiff's phone is currently

20  unresponsive approximately 50% to 60% of the time.

21  10.      Plaintiff Thomas Davidson is a resident of Pennsylvania. In or about December 2014,

22  Plaintiff purchased an iPhone 6 from AT&T. In approximately August 2016, the touchscreen on

23  Plaintiff's iPhone 6 became unresponsive. Plaintiff went to the Apple Care website in or about August

24  24, 2016. After requesting Apple fix the Touchscreen Defect, Apple informed Plaintiff that he needed to

25  send his iPhone 6 to Apple for service. Plaintiff discovered that he would be charged $320.00 for a

26  replacement iPhone 6 if he sent his iPhone 6 in for service. Plaintiff declined to do so and has

27  discontinued use of the phone as the result of the Touchscreen Defect.

28

Class Action Complaint
Case No.:

11.     Defendant Apple, Inc. ("Apple") is a corporation formed under the laws of California with its principal place of business located in Cupertino, California.

**JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs; there are more than 100 putative class members defined below; and there are numerous members of the proposed class who are citizens of a state different from Apple.

13.     This Court has personal jurisdiction over Apple because it is incorporated under the laws of the State of California, its corporate headquarters are located in Cupertino, California, it conducts substantial business in the District, and because a substantial part of the acts and omissions complained of occurred in the District.

14.     Venue as to Apple is proper in this judicial district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District. Apple has its principal place of business in this District, it is authorized to conduct business in this District, has intentionally availed itself of the laws and markets within this District, does substantial business in this District, and is subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

15.     Apple designs, markets, and sells the iPhone series of smartphones. The first generation of the iPhone was released on June 29, 2007. Apple then released the iPhone 3G on July 11, 2008, the 3GS on June 19, 2009, the iPhone 4 on June 24, 2010, the iPhone 4s on October 14, 2011, the iPhone 5 on September 21, 2012, the iPhone 5s and 5c on September 20, 2013, the iPhone 6 and 6 Plus on September 19, 2014, and finally the iPhone 6s and 6s Plus on September 25, 2015.

16.     The iPhone is built around the use of a touchscreen whereby the user touches the screen directly to interact with the device, as opposed to using a traditional number pad or keyboard.

17.     In the United States, the iPhone holds the largest share of the smartphone market. In 2015, the iPhone accounted for approximately 43.6% of the market share followed by Samsung with approximately 27.6% of the market share.

-3-

18.     The iPhones are capable of sending text messages, taking pictures, capturing video, playing music, browsing the internet, sending and receiving email, using GPS navigation, downloading and using various applications, among other functions. The use of the touchscreen is required to operate any of these functions.

19.     The iPhones feature a glass front with curved edges and an aluminum rear that contains two plastic antenna strips.

20.     Unbeknownst to consumers, the iPhones suffer from a material design defect that causes the touchscreen to become unresponsive to users' touch inputs and thus all of the functions identified in Paragraph 18 become unusable.

21.     Often, the defect is immediately preceded by the display of a flickering gray bar across the top of the iPhones' display.

22.     Upon information and belief, the defective component that causes the Touchscreen Defect is the motherboard located inside the iPhones (which Apple calls the "logic board").

23.     The logic board contains two touchscreen controller chips (referred to as the "touch IC chips"). A diagram of the logic board with red boxes around the chips is included below.



24.     The chips are responsible for converting the touches on the touchscreen into actions in Apple's iPhone software, iOS.

Class Action Complaint
Case No.:

1    25.    When the defect manifests itself, the touchscreen controller chips on the logic board fail

2    to recognize the touches on the touchscreen.

3    26.    The replacement of the touchscreen on the iPhones fails to remedy the underlying defect

4    with the touchscreen controller chips. Thus, the only way to remedy the defect is to either replace the

5    touchscreen controller chips, replace the logic board with a version that does not have defective

6    touchscreen controller chips, or replace the entire iPhone with an iPhone that does not have defective

7    touchscreen controller chips.

8    27.    The touch IC chips are not properly secured to the logic board and, as a result of

9    foreseeable and reasonable use by consumers, fail from normal wear and tear.

10    28.    The previous iPhone 5s design incorporated a metal "shield" – pictured below – that

11    provides protection and flexibility to the logic board such that it can withstand foreseeable and

12    reasonable use by consumers.



-5-

29.     In addition, the iPhone 5c used an "underfill" that is injected under the touch IC chips which is cured into a superglue type substance. The underfill reinforces the touch IC chips and allows them to withstand foreseeable and reasonable use by consumers.

30.     By contrast, the iPhone's design fails to incorporate underfill or a shield over the logic board. This makes the iPhone 6 and 6 Plus substantially less durable to foreseeable and reasonable use by consumers and ultimately causes the Touchscreen Defect. A photo of the iPhone 6 Plus logic board is below.



31.     Plaintiffs' experiences are by no means isolated or outlying occurrences. Indeed, the internet is replete with examples of blogs and other websites where consumers have complained of the exact same Touchscreen Defect within the iPhones.

32.     A plethora of owners of the iPhones have complained on Apple's own website regarding the Touch Screen Defect.[1]

_____

[1] *See, e.g.,* https://discussions.apple.com/thread/7647480?start=0&tstart=0 (last visited Aug. 26, 2016); https://discussions.apple.com/thread/7028290?start=120&tstart=0 (last visited Aug. 26, 2016); https://discussions.apple.com/thread/6686660?start=15&tstart=0 (last visited Aug. 26, 2016).

33.     Moreover, there are numerous complaints on third party websites detailing consumers' experience with the Touchscreen Defect and Apple's failure to remedy the Defect.

> "I had this exact issue and it's very frustrating. It started out happening only once and awhile until it got so bad that I couldn't even use my phone. I took my first one back to Apple and got it replaced under the 1 year warranty, but now only 9 months later the phone is doing the exact same thing and I can't even use it . . . ."

> "This is a joke my phone was out of warranty for like 2 months and Apple wanted me to pay $350 to fix it. It's not like the will go broke doing the right thing."

> "This happened to me and from searching around online and talking to Apple employees – it is indeed a wide spread issue."

> "I am on my 3rd 6Plus. I have been given a "new phone twice, but now I am over the warranty (which is only the original phone's first year! Each time, they told me there was nothing they could do but replace it. Mine has only lasted an average of 4 months each time, and now I have almost given up but for this article. They want me to pay 329.00 for a 4the replacement. Not only is that unacceptable, but I don't want a 6 plus anymore. It will do the same thing in 4-6 months."

*See* http://ifixit.org/blog/8309/iphone-6-plus-gray-flicker-touch-death/ (last visited Aug. 25, 2016).

34.     In many instances, consumers have incurred and will continue to incur expenses for the diagnosis of the Touchscreen Defect and repair and replacement of their iPhones, despite such defect having been contained in the iPhones when manufactured by Apple.

35.     Upon information and belief, Apple, through (1) their own records of customers' complaints, (2) Apple Store repair records, (3) warranty and post-warranty claims, and (4) other various sources, were well aware of the Touchscreen Defect but failed to notify consumers of the nature and extent of the problems with the iPhones or provide any adequate remedy.

36.     Apple failed to adequately research, design, test, and/or manufacture the iPhones before warranting, advertising, promoting, marketing, and selling the iPhones.

37.     Apple expressly warranted the iPhones would be free from defects for a period of one year from the date of purchase.

38.     Consumers were without access to the information concealed by Apple as described herein, and therefore reasonably relied on Apple's representations and warranties regarding the quality, durability, and other material characteristics of the iPhones. Had consumers known of the defect, they

-7-

would have paid less for the iPhones than the amounts they actually paid, or would not have purchased the iPhones at all.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the provisions of Rule 23.

40.     Plaintiff seeks to represent the following "Nationwide Class":

> All persons or entities in the United States that purchased an Apple iPhone 6 or 6 Plus.

41.     In the alternative, Plaintiffs seek to represent the following state sub-classes:

> All persons or entities in California that purchased an Apple iPhone 6 or 6 Plus for primarily personal, family or household purposes, as defined by California Civil Code § 1791(a) (the "California Class").

> All persons or entities in Delaware that purchased an Apple iPhone 6 or 6 Plus (the "Delaware Class").

> All persons or entities in Pennsylvania that purchased an Apple iPhone 6 or 6 Plus (the "Pennsylvania Class").

42.     The Nationwide Class, California Class, Delaware Class, and Pennsylvania Class will be referred to collectively as the "Class." The California Class, Delaware Class, and Pennsylvania Class will be referred to collectively as the "State Sub-Classes" for purposes of Plaintiffs' claims.

43.     *Numerosity:* Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members remains unknown at this time, upon information and belief, there are hundreds of thousands of putative Class members throughout the United States who are generally ascertainable by appropriate discovery.

44.     *Commonality*: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

> a.   Whether the iPhones suffer from the Touchscreen Defect;

-8-

Class Action Complaint
Case No.:

b.   Whether Apple engaged in the conduct alleged herein;

c.   Whether Apple designed, manufactured, marketed, distributed, sold or otherwise placed the iPhones into the stream of commerce in the United States knowing that the iPhones suffered from the Touchscreen Defect;

d.   When Apple first learned of the existence of the Touchscreen Defect;

e.   Whether Apple intentionally concealed the Touchscreen Defect in the iPhones from consumers;

f.   Whether Apple breached the terms of its contracts with purchasers when it marketed and sold the iPhones containing the Touchscreen Defect;

g.   Whether Plaintiffs and the other Class members have been harmed by the fraud alleged herein;

h.   Whether Apple was unjustly enriched by its deceptive practices; and

i.   Whether Plaintiffs and the Class are entitled to equitable or injunctive relief.

45.   ***Typicality***: Plaintiffs' claims are typical of those of the other Class members because, *inter alia*, all members of the Class were injured through the common misconduct described above and were subject to Apple's unfair and unlawful conduct. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class.

46.   ***Adequacy of Representation:*** Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiffs seek no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of other Class members. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously.

47.   ***Superiority:***  The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions

-9-

Class Action Complaint
Case No.:

would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class members, who could not individually afford to litigate a complex claim against large corporate defendants. Further, even for those Class members who could afford to litigate such a claim, it would still be economically impractical.

48.     The nature of this action and the nature of laws available to Plaintiffs and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because Apple would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiffs were exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

49.     Plaintiffs reserve the right to modify or amend the definition of the proposed class and subclasses before the Court determines whether certification is appropriate and as the parties engage in discovery.

50.     The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

51.     Individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Member resulting from Apple's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system

-10-

resulting from multiple trials of the same factual issues. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

52.     Notice of a certified class action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, or publication, or such other methods of notice as deemed appropriate by the Court.

53.     Plaintiffs do not anticipate any difficulty in the management of this litigation.

### FIRST CLAIM FOR RELIEF
**VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA")**
**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

54.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

55.     Apple is a person as that term is defined in California Civil Code § 1761(c).

56.     Plaintiffs and the Class are "consumers" as that term is defined in California Civil Code § 1761(d).

57.     Apple engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiffs and Class members that the iPhones are defective. These acts and practices violate, at a minimum, the following sections of the CLRA:

(a)(2)   Misrepresenting the source, sponsorship, approval or certification of goods or services;

(a)(5)   Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

(a)(7)   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

(a)(9)   Advertising goods and services with the intent not to sell them as advertised.

-11-

58.    Apple's unfair or deceptive acts or practices occurred repeatedly in Apple's trade or business and were capable of deceiving a substantial portion of the purchasing public.

59.    Apple knew that the iPhones were defective, prone to failing for their essential purpose as phones, and would become useless as a result of reasonable and foreseeable use by consumers.

60.    Defendant was under a duty to Plaintiffs and the Class members to disclose the defective nature of the iPhones because:

    a.    Apple was in a superior position to know the true state of facts about the Touchscreen Defect in the iPhones;

    b.    Plaintiffs and the Class members could not reasonably have been expected to learn or discover that the iPhones were defective and not in accordance with Apple's advertisements and representations;

    c.    Apple knew that Plaintiffs and the Class members could not reasonably have been expected to learn or discover the Touchscreen Defect in the iPhones; and

    d.    Defendant actively concealed and failed to disclose the Touchscreen Defect from Plaintiffs and the Class.

61.    In failing to disclose the Touchscreen Defect at the time of sale, Apple has knowingly and intentionally concealed material facts and breached its duty not to do so.

62.    The facts concealed or not disclosed by Apple to Plaintiffs and the Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Apple's iPhones or pay a lesser price. Had Plaintiffs and the Class known about the Touchscreen Defect in the iPhones, they would not have purchased the iPhones or would have paid less for them.

63.    Plaintiffs have provided Apple with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) and seeks injunctive relief. After the 30-day notice period expires, Plaintiffs will amend this complaint to seek monetary damages under the CLRA.

64.    Plaintiffs and the other Class members' injuries were proximately caused by Apple's fraudulent and deceptive business practices.

-12-

Class Action Complaint
Case No.:

1    65.    Therefore, Plaintiffs and the other Class members are entitled to equitable relief under the

2    CLRA.

3                              **SECOND CLAIM FOR RELIEF**
                            **VIOLATIONS OF CALIFORNIA BUSINESS**
4                              **AND PROFESSIONS CODE § 17200**
            **(On Behalf of the Nationwide Class or, Alternatively, the California Class)**
5

6    66.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though

7    fully set forth herein.

8    67.    The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition,"

9    including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or

10   misleading advertising." Cal. Bus. & Prof. Code § 17200.

11   68.    Defendant has engaged in unfair competition and unfair, unlawful or fraudulent business

12   practices by the conduct, statements, and omissions described above, and by knowingly and

13   intentionally concealing from Plaintiffs and the Class members the Touchscreen Defect (and the costs

14   and diminished value of the iPhones as a result of Defendant's conduct). Defendant should have

15   disclosed this information because it was in a superior position to know the true facts related to the

16   Touchscreen Defect, and Plaintiffs and Class members could not reasonably be expected to learn or

17   discover the true facts related to the Touchscreen Defect.

18   69.    These acts and practices have deceived Plaintiffs and are likely to deceive the public. In

19   failing to disclose the Touchscreen Defect and suppressing other material facts from Plaintiffs and the

20   Class members, Defendant breached its duties to disclose these facts, violated the UCL, and caused

21   injuries to Plaintiffs and the Class members. The omissions and acts of concealment by Defendant

22   pertained to information that was material to Plaintiffs and the Class members, as it would have been to

23   all reasonable consumers.

24   70.    The injuries suffered by Plaintiffs and the Class members are greatly outweighed by any

25   potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiffs and

26   the Class members should have reasonably avoided.

27   71.    Defendant's acts and practices are unlawful because they violate California Civil Code

28   §§ 1668, 1709, 1710, and 1750 *et seq.*, and California Commercial Code § 2313.

-13-

72.     Plaintiffs seek to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW**
**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

73.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

74.     California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

75.     Apple caused to be made or disseminated throughout California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers, including Plaintiffs and the other Class members.

76.     Apple has violated section 17500 because the misrepresentations and omissions regarding the functionality of its iPhones as set forth in this Complaint were material and likely to deceive a reasonable consumer.

77.     Plaintiffs and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices. In purchasing their iPhones, Plaintiffs and the other Class members relied on the misrepresentations and/or omissions of Defendant with respect to the reliability of the iPhones. Defendant's representations were untrue because the iPhones were manufactured and sold with the Touchscreen Defect. Had Plaintiffs and the other Class members known this, they would not have purchased their iPhones and/or paid as much

-14-

1    for them. Accordingly, Plaintiffs and the other Class members overpaid for their iPhones and did not

2    receive the benefit of their bargain.

3         78.      All of the wrongful conduct alleged herein occurred in the conduct of Apple's business.

4         79.      Plaintiffs, individually and on behalf of the other Class members, request that this Court

5    enter such orders or judgments as may be necessary to restore to Plaintiffs and the other Class members

6    any money Defendant acquired by unfair competition, including restitution and/or restitutionary

7    disgorgement, and for such other relief set forth below.

8
                        **FOURTH CLAIM FOR RELIEF**
                             **FRAUD**

9    **(On Behalf of the Nationwide Class or, Alternatively, the State Sub-Classes)**

10        80.      Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though

11    fully set forth herein.

12        81.      The misrepresentations, nondisclosure, and/or concealment of material facts made by

13    Apple to Plaintiffs and the members of the Class, as set forth above, were known, or through reasonable

14    care should have been known, by Apple to be false and material and were intended to mislead Plaintiffs

15    and the members of the Class.

16        82.      Plaintiffs and the Class were actually misled and deceived and were induced by

17    Defendant to purchase the iPhones which they would not otherwise have purchased, or would have paid

18    substantially less for.

19        83.      As a result of the conduct of Apple, Plaintiffs and the Class members have been damaged

20    in an amount to be determined at trial.

21
                        **FIFTH CLAIM FOR RELIEF**
                  **NEGLIGENT MISREPRESENTATION**

22    **(On Behalf of the Nationwide Class or, Alternatively, the State Sub-Classes)**

23        84.      Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though

24    fully set forth herein.

25        85.      Apple had a duty to provide honest and accurate information to its customers so that

26    customers could make informed decisions on the substantial purchase of a smartphone.

27        86.      Apple specifically and expressly misrepresented material facts to Plaintiffs and Class

28    members, as discussed above.

Class Action Complaint
Case No.:

87.     Apple knew, or in the exercise of reasonable diligence, should have known, that the ordinary and reasonable consumer would be misled by Apple's misleading and deceptive advertisements.

88.     Plaintiffs and the Class members justifiably relied on Apple's misrepresentations and have been damaged thereby in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(On Behalf of the Nationwide Class or, Alternatively, the State Sub-Classes)**

89.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

90.     Plaintiffs and members of the Class conferred a benefit on Apple by purchasing the iPhones.

91.     Apple had knowledge that this benefit was conferred upon it.

92.     Because of its wrongful acts and omissions, Apple charged a higher price for the iPhones than the iPhones' true value and Apple obtained money which rightfully belongs to Plaintiffs and the members of the Class.

93.     Defendant has been unjustly enriched at the expense of Plaintiffs and the Class and its retention of this benefit under the circumstances would be inequitable.

94.     Plaintiffs seek an order requiring Defendant to make restitution to them and the other members of the Class.

**SEVENTH CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY**
**(On Behalf of the Nationwide Class or, Alternatively, the State Sub-Classes)**

95.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

96.     Apple provided Plaintiffs and the other Class members with an implied warranty that the iPhones and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold. However, the iPhones are not fit for their ordinary purpose as smartphones because the iPhones suffer from the Touchscreen Defect described herein. As such, the iPhones were incapable of making and receiving phone calls, text messages, facilitating internet usage, and allowing the usage of apps.

-16-

97.     Apple impliedly warranted that the iPhones were of merchantable quality and fit for such use. This implied warranty included, among other things, a warranty that the iPhones and their touchscreens were manufactured, supplied, distributed, and/or sold by Apple were reliable and would not experience premature failure when used in a reasonable and foreseeable manner by consumers.

98.     Contrary to the applicable implied warranties, the iPhones at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiffs and the other Class members with reliable smartphones.

99.     Apple's actions, as complained of herein, breached the implied warranty that the iPhones were of merchantable quality and fit for such use.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT**
**(On Behalf of the Nationwide Class or, Alternatively, the State Sub-Classes)**

100.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

101.    Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

102.    The iPhones are consumer products as defined by 15 U.S.C. § 2301(1).

103.    Plaintiffs and the Class are "consumers" as defined by 15 U.S.C. § 2301(3).

104.    Apple is a warrantor and supplier as defined by 15 U.S.C. § 2301(4) and (5).

105.    Apple has failed to remedy the Touchscreen Defect, despite Apple's knowledge and notice of the Touchscreen Defect in the iPhones.

106.    Apple expressly warranted the iPhones would be free of defects.

107.    At the time Apple issued written warranties for the iPhones, Apple knew and had notice that the iPhones had the propensity to prematurely fail due to the Touchscreen Defect. Apple's continued misrepresentations and omissions concerning the Touchscreen Defect in the iPhones, as well as Apple's failure to abide by their own written and implied warranties, are "unfair methods of

-17-

competition in or affecting commerce, and [are] unfair or deceptive acts or practices in or affecting commerce." Accordingly, Apple's behavior is unlawful under 15 U.S.C. §§ 2310(b), 45(a)(1).

108.    Plaintiffs seek to recover damages caused as a direct result of Apple's breach of their written and implied warranties and their deceitful and unlawful conduct. Damages include costs associated with repairing or replacing the iPhones with non-defective iPhones or other smartphones.

109.    The Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiffs seek reformulation of Apple's written warranty to comport with Apple's obligations under the Act and with consumers' reasonable expectations. Additionally, Plaintiffs seek to enjoin Apple from acting unlawfully as further alleged, including discouraging Plaintiffs to seek all available remedies.

110.    The Act also provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2). Plaintiffs intend to seek such an award as prevailing consumers at the conclusion of the case.

## NINTH CLAIM FOR RELIEF
## VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
### (On Behalf of the California Class)

111.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

112.    Plaintiff Cleary brings this claim on behalf of himself and on behalf of the California Class against Apple.

113.    At all relevant times, Apple was the manufacturer, distributor, warrantor and/or seller of the iPhones. Apple knew or should have known of the specific use for which the iPhones were purchased.

114.    Apple provided Plaintiff Cleary and the Class with an implied warranty that the iPhones, and any parts thereof, are merchantable and fit for the ordinary purposes for which they were sold. The iPhones, however, are not fit for their ordinary purpose because, *inter alia*, the iPhones and their touchscreens suffered from an inherent defect at the time of sale that causes the iPhone touchscreens to stop responding to user input. As such, the iPhones were incapable of making and receiving phone calls, text messages, facilitating internet usage, and allowing the usage of apps.

-18-

Class Action Complaint
Case No.:

115.    The iPhones are not fit for the purpose of use as smartphones because of the Touchscreen Defect.

116.    Apple impliedly warranted that the iPhones were of merchantable quality and fit for such use. This implied warranty included, *inter alia*, a warranty that the iPhones and their touchscreens were manufactured, supplied, distributed, and/or sold by Apple were reliable for use as smartphones and would not prematurely and fail.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and members of the Class, respectfully request that this Court:

a.    determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

b.    appoint Plaintiffs as the representative of the Class and their counsel as Class counsel;

c.    award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs and the Class Members are entitled (though Plaintiffs do not seek monetary damages under the CLRA at this time);

d.    award pre-judgment and post-judgment interest on such monetary relief;

e.    grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Apple to repair, recall, and/or replace the iPhones and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiffs and Class members with appropriate curative notice regarding the existence and cause of the Touchscreen Defect;

f.    award reasonable attorneys' fees and costs; and

g.    grant such further relief that this Court deems appropriate.

DATED:  August 27, 2016.                  MCCUNEWRIGHT, LLP

                                          BY:    */s/ Richard D. McCune*
                                                 Richard D. McCune
                                                 State Bar No. 132124
                                                 rdm@mccunewright.com
                                                 David C. Wright
                                                 State Bar No. 177468
                                                 dcw@mccunewright.com

-19-

2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

**MCCUNEWRIGHT LLP**
Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (610) 200-0580

Attorney for Plaintiffs and the Putative Class

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.


DATED:  August 27, 2016.                    **MCCUNEWRIGHT, LLP**

                                  BY:    */s/ Richard D. McCune*
                                         Richard D. McCune
                                         State Bar No. 132124
                                         rdm@mccunewright.com
                                         David C. Wright
                                         State Bar No. 177468
                                         dcw@mccunewright.com
                                         2068 Orange Tree Lane, Suite 216
                                         Redlands, California 92374
                                         Telephone: (909) 557-1250
                                         Facsimile: (909) 557-1275

                                         **MCCUNEWRIGHT LLP**
                                         Joseph G. Sauder
                                         Matthew D. Schelkopf
                                         Joseph B. Kenney
                                         1055 Westlakes Drive, Suite 300
                                         Berwyn, PA 19312
                                         Telephone: (610) 200-0580

                                         Attorney for Plaintiffs and the Putative Class

Class Action Complaint
Case No.: