ARTURO J. GONZÁLEZ (SBN 121490)
AGonzalez@mofo.com
PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
TIFFANY CHEUNG (SBN 211497)
TCheung@mofo.com
ALEXIS A. AMEZCUA (SBN 247507)
AAmezcua@mofo.com
CHRISTOPHER L. ROBINSON (SBN 260778)
ChristopherRobinson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    (415) 268-7000
Facsimile:     (415) 268-7522


ANNE M. CAPPELLA (SBN 181402)
anne.cappella@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendant* APPLE INC.

RICHARD D. McCUNE (SBN 132124)
rdm@mccunewright.com
DAVID C. WRIGHT (SBN 177468)
dcw@mccunewright.com
McCUNE WRIGHT AREVALO, LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone:  (909) 557-1250
Facsimile:  (909) 557-1275

JOSEPH G. SAUDER
MATTHEW D. SCHELKOPF
JOSEPH B. KENNEY
McCUNE WRIGHT AREVALO, LLP
555 Lancaster Avenue
Berwyn, PA 19312
Telephone:  (610) 200-0580

*Attorneys for Plaintiffs and Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, TODD CLEARY, ADAM BENELHACHEMI, MICHAEL PAJARO, JOHN BORZYMOWSKI, BROOKE CORBETT, TAYLOR BROWN, JUSTIN BAUER, HEIRLOOM ESTATE SERVICES, INC., KATHLEEN BAKER, MATT MUILENBURG, WILLIAM BON, and JASON PETTY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 16-cv-4942-LHK<br><br>**AMENDED**<br>**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>**Dept.:    Courtroom 8 – 4th Floor**<br>**Judge:    Honorable Lucy H. Koh**<br><br>Re: Dkt. 127<br><br>**MODIFIED BY THE COURT** |

Plaintiffs and Defendant Apple Inc. ("Apple") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and any supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Stipulation and Protective Order").

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order.

The parties acknowledge that this Stipulation and Protective Order governs discovery in *Thomas Davidson, Todd Cleary, Adam Benelhachemi, Michael Pajaro, John Borzymowski, Brooke Corbett, Taylor Brown, Justin Bauer, Heirloom Estate Services, Inc., Kathleen Baker, Matt Muilenburg, William Bon, and Jason Petty v. Apple, Inc.*, Case No. 5:16-cv-04942-LHK.  The Parties also acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.7 below, that this Stipulation and Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.     DEFINITIONS**

2.1     <u>Action</u>: *Thomas Davidson, Todd Cleary, Adam Benelhachemi, Michael Pajaro, John*

*Borzymowski, Brooke Corbett, Taylor Brown, Justin Bauer, Heirloom Estate Services, Inc., Kathleen Baker, Matt Muilenburg, William Bon, and Jason Petty v. Apple, Inc.*, Case No. 5:16-cv-04942-LHK presently pending in the United States District Court for the Northern District of California.

2.2.   <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, and outside counsel (and their support staff).

2.3.   <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.4   <u>"CONFIDENTIAL" Information or Items</u>:  Disclosure or Discovery Material that is non-public and that a Party or Non-Party in good faith believes must be held confidential to protect personal privacy interests or confidential, proprietary, and/or commercially sensitive information, including trade secrets, or otherwise have a compelling need for privacy.

2.5   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Disclosure or Discovery Material that is extremely confidential and/or sensitive in nature, disclosure of which to another Party or Non-Party the Producing Party reasonably believes is likely to cause economic harm or competitive disadvantage to the Producing Party, is highly personal non-public information, or will otherwise compromise or jeopardize the Producing Party's business interests. The parties agree that the following information, if nonpublic, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other nonpublic information of similar competitive and business sensitivity.

2.6   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party but who are employed at law firms that appear on the pleadings as counsel for a Party in this Action.

2.7   <u>In-House Counsel</u>:  Attorneys who are employees of a Party.

2.8     Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.9     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.10    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past employee within the last ten years or a current employee of a Party or of any entity on the Restricted Competitors List and who, at the time of retention, is not anticipated to become an employee of a Party or any entity on the Restricted Competitors List.  This definition includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors.  A list of Apple Inc.'s ("Apple") restricted competitors was separately produced to Outside Counsel and agreed to prior to the execution of this Protective Order ("Restricted Competitors List").  Any additions to the Restricted Competitors List after the execution of this Protective Order must be agreed to by Outside Counsel or approved by the Court.

2.11    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Professional Vendors:  Persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review, and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    Producing Party:  A Party or non-Party that provides, produces, or makes available for

inspection Disclosure or Discovery Material in the course of this Action.

**3.  SCOPE**

This Stipulation and Protective Order shall govern all Protected Material in whatever form, including documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other Protected Material provided, produced, or made available for inspection in response to any method of discovery conducted in this Action. The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

Nothing herein shall be construed to prevent a Producing Party from reviewing, using or disclosing its own Protected Material in any manner that it deems appropriate.

This Stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

The parties agree that this Stipulation and Protective Order does not address the production of source code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in printed or electronic form). The parties will separately negotiate and submit a protective order governing the production of source code, if necessary.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

    5.1    <u>Procedures for Designating Material for Protection</u>: Any Party to this litigation, or any Non-Party who produces Disclosure or Discovery Material, shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" any Protected Material it produces. All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Materials designated as or deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" consistent with this Stipulation and Protective Order are subject to the provisions of this Stipulation and Protective Order and shall be protected, used, handled and disposed of in accordance with the provisions of this Stipulation and Protective Order.

    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth herein. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that so qualify.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulation and Protective Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation and Protective Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Stipulation and Protective Order requires:

        (a)    <u>For Information in Documentary Form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): The Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout. Where it is not possible to affix a legend to particular Protected Material, the

Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such. Except as otherwise agreed, within forty-five (45) days after receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material, except that multi-page documents may be designated in accordance with the preceding paragraph.

(b) For Testimony Given in Deposition or in Other Pretrial or Trial Proceedings: Any Party or Non-Party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial proceeding, the offering or sponsoring Party or Non-Party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." All transcripts or recordings of depositions or other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. In the case of

a Non-Party witness, testimony can be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by a Party, the Non-Party witness or upon agreement of the Parties.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation and Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     For Information Produced in A Form Other than Documentary and for Any Other Tangible Items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)     For Inspection of Things or Premises: The Producing Party shall state in writing prior to the inspection that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or material will be revealed.

5.3     Contractual Obligations to Non-Parties: During the course of this Action, a Party or Non-Party may be requested to produce information that is subject to contractual or other obligations

of confidentiality owed to a Non-Party. The Party or Non-Party subject to the contractual or other obligation of confidentiality shall promptly contact the person to whom the obligation is owed to determine whether that person is willing to permit disclosure of the confidential information under the terms of this Stipulation and Protective Order. If that person is so willing, the information, if otherwise discoverable, shall be produced in accordance with this Stipulation and Protective Order. If the person to whom the obligation is owed is not willing to permit disclosure of the confidential information under the terms of this Stipulation and Protective Order, or fails to respond before responses or production is due, the Party seeking the information in this litigation shall be so notified and given a description of the documents withheld, the reason for withholding the documents, the person to whom the obligation of confidentiality is owed and the person's contact information. This description shall be produced as promptly as practicable.

5.4    <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>. A Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or change any Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be redesignated within sixty (60) days of production by the Producing Party. Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

5.5     <u>Inadvertent Failures to Designate and Re-designation</u>:  A Producing Party that inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulation and Protective Order at the time of its production shall be able to make a correction to its designation, with the Receiving Party reserving the right to assert that such re-designation is improper pursuant to the procedures set forth herein regarding challenging designations. Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently unmarked or mis-marked Disclosure or Discovery Materials. Any Party receiving such inadvertently unmarked or mis-marked Disclosure or Discovery Materials shall, within five (5) days of receipt of the substitute copies, destroy or return to the law firm representing the Producing Party all copies of such mis-designated documents. The Producing Party shall comply with Paragraph 5.2 when re-designating Disclosure or Discovery Material as Protected Material. Following any re-designation of Disclosure or Discovery Material as Protected Material (or re-designation of "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") the Party receiving such Protected Material shall take reasonable steps to comply with the re-designation, including, without limitation, retrieving all copies and excerpts of any re-designated Protected Material from persons not entitled to receive it as re-designated.

A Receiving Party shall not be in breach of this Stipulation and Protective Order for any use of such inadvertently-non-designated or inadvertently-mis-designated material before the Receiving Party receives notice of the inadvertent failure to designate, unless an objectively reasonable person would have realized that the material should have been appropriately designated with a confidentiality designation under this Stipulation and Protective Order. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Stipulation and Protective Order, reserving all rights to assert that such re-designation is not proper under the procedures set forth herein regarding challenging designations.

# 6. DISCLOSURE OF DISCOVERY MATERIALS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE

(a) Each party shall make efforts that are "reasonably designed" to protect its privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require "strenuous or Herculean efforts," just "reasonable efforts." *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc.* 2008 WL 350641, *1–2 (N.D. Cal., Feb. 2, 2008); *see also*, Fed. R. Civ. P. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate preproduction review, the parties may enter into non-waiver agreements for that particular production. If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the Court for a nonwaiver order.

(b) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(c) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material, and all copies, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(d) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery

Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges.  The Receiving Party must challenge the Designating Party's designations within ninety (90) days of receipt of the challenged information.

7.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by serving on the Designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  The challenging Party must identify the specific Bates range(s) for the challenged document(s), explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, reconsider the circumstances and, if no change in designation is offered, explain the basis for the chosen designation.  Within 14 days of the challenging Party's written objection, counsel for the challenging Party and the Designating Party shall meet and confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) in a good faith effort to resolve the dispute as to the challenged designation of materials.  During the meet and confer process, the Designating Party shall explain the grounds for designating material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

7.3    Judicial Intervention.  If the parties are unable to resolve the dispute, they shall comply with the undersigned's Standing Order re Civil Discovery Disputes and with Civ. L.R. 79-5, if applicable.  The Discovery Dispute Joint Report (DDJR) shall identify the challenged material and set forth in detail the basis for the challenge.  In each such DDJR, the parties shall attest that they have complied with the meet-and-confer requirements imposed in the preceding paragraph and set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

Nothing in this Stipulation and Protective Order shall preclude or prejudice either party from arguing for or against any designation, or establish any presumption that a particular designation is valid. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A Receiving Party may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business or competitive function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and may not be disclosed to the media. For purposes of this Stipulation and Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose" shall mean any physical or electronic showing of the Protected Materials to any person, including communication in any form of the contents (in whole or in part) or existence of the Protected Materials. When the litigation has been terminated, a Receiving Party must comply with the provisions of section XV below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and such Outside Counsel of Record's attorneys, paralegals, and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for this Action;

(b) the former and current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

      (c)    any insurer or indemnitor of any defendant in these Actions;

      (d)    the Court and any mediators or arbitrators and their respective personnel;

      (e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Actions and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

      (f)    mock jurors, subject to the provisions of Paragraph 8.5 below;

      (g)    the author(s) and recipients of the "CONFIDENTIAL" Material who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1; and

      (h)    any other person with the prior written consent of the Producing Party.

    8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

      (a)    The Receiving Party's Outside Counsel of Record in these Actions and such Outside Counsel's attorneys, paralegals, and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for this Action;

      (b)    In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

      (c)    the Court, and any mediators or arbitrators, and their respective personnel;

      (d)    court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "General Acknowledgment of

Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1; and

(e)     the author(s) and recipient(s) of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1.

8.4     General Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

(a)     Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub- paragraphs (b), (e), (f), (g), and (h) of paragraph 8.2 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "CONFIDENTIAL" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her.  Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1. The person to whom the "CONFIDENTIAL" information or item is disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" information or item to any entity or person except as specifically provided for by this Stipulation and Protective Order.

(b)     Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (b), (d), and (e) of paragraph 8.3 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is made shall be on notice and fully informed that

the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her. Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1. The person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is disclosed shall not give, show, or otherwise divulge any of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any entity or person except as specifically provided for by this Stipulation and Protective Order.

8.5    Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Mock Jurors: A Receiving Party may disclose to mock jurors materials prepared by its outside counsel that are derived from information or items designated "CONFIDENTIAL" (but not materials that are derived from information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), so long as the derivative materials do not include the as produced information itself. Before providing such material to a mock juror, the Receiving Party must, in compliance with Paragraph 8.4(a) above, tender a copy of this Stipulation and Protective Order to each mock juror in order that each person to whom such disclosure is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel. Before any materials prepared by Outside Counsel of Record that are derived from information or items designated "CONFIDENTIAL" are disclosed to a mock juror, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1. The mock juror to whom the material is disclosed shall not give, show, or otherwise divulge any of the information contained therein to any entity or person except as specifically provided for by this Stipulation and Protective Order.

8.6    Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts:

(a)    Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed to any Plaintiffs' Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2. An Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-2) prior to the review of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

(b)    Unless otherwise ordered by the Court or agreed in writing by Apple, to the extent Plaintiffs seek to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by Defendant, Plaintiffs must first make a written request to Apple that (1) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that Plaintiffs seek to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches the Expert's fully executed Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (attached hereto as Exhibit A-2); (4) attaches a copy of the Expert's current resume, (5) identifies the Expert's current employer(s); (6) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (7) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years. Plaintiffs shall provide such other information regarding the Expert's professional activities reasonably requested by Apple in order for it to evaluate whether good cause exists to object to the disclosure to the Expert.

(c)    Once Plaintiffs provide the information specified in the preceding paragraph, Plaintiffs may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) court

days of delivering the request, Plaintiffs receive a written objection from the Apple. Any such

objection must set forth in detail the grounds on which it is based.

(d)     Plaintiffs must meet and confer with Apple (through direct voice-to-voice dialogue) to

try to resolve any objections by agreement. If no agreement is reached, **the parties shall file** ~~Plaintiffs may file a motion as~~

**a DDJR** ~~provided in Civil Local Rule 7 (and~~ **re** in compliance with Civil Local Rule 79-5, if applicable) ~~seeking~~

permission from the Court to disclose the subject Protected Material to the identified Expert.  Any

such ~~motion~~ **DDJR** must describe the circumstances with specificity, set forth in detail the reasons for which

the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would

entail and suggest any additional means that might be used to reduce that risk.  In addition, ~~any such~~ **in any**

**such DDJR, the party seeking relief must describe** ~~motion must be accompanied by a competent declaration in which the movant describes~~ the parties'

efforts to resolve the matter by agreement (*i.e.,* the extent and the content of the meet and confer

discussions) and sets forth the reasons advanced by Apple for its refusal to approve the disclosure.

(e)     An initial failure to object to an Expert under this section shall not preclude Apple

from later objecting to continued access by that Expert. The designated Expert may continue to have

access to information that was provided to such Expert prior to the date of the later objection.  If a

later objection is made, no further material designated "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY" shall be disclosed to the Expert until the Court resolves the matter or

Apple withdraws its objection.

8.7     Plaintiffs' Counsel shall be responsible for assuring compliance with the terms of this

Stipulation and Protective Order with respect to persons to whom such Protected Material is disclosed

and shall obtain and retain the originals of the "Expert/Consultant Acknowledgment of

Confidentiality and Agreement to Be Bound by Protective Order" and the "General Acknowledgment

of Confidentiality and Agreement to Be Bound by Protective Order" executed by qualified recipients

of Protected Material (if such execution was required by terms of this Stipulation and Protective

Order).

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify the Designating Party in writing (by email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. All such disclosure and discovery disputes are subject to the undersigned's Standing Order re Civil Discovery Disputes.

## 11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures (by email, if possible) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-1). Unauthorized or

inadvertent disclosure does not change the status of Discovery Material or waive the right to maintain the disclosed document or information as Protected.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

(a)     Nothing in this Order shall require disclosure of information which is protected by the attorney-client privilege, work product immunity, or other privilege or immunity. If a Producing Party becomes aware that it has produced information or Materials that it believes are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the production. The Producing Party need not provide the basis for its privilege assertion in its notice to a Receiving Party.

(b)     Once a Receiving Party receives notice of the production, it shall make reasonable efforts to gather copies of the information and Materials that were distributed to others and shall return or destroy all copies of such produced Material to the producing party within three (3) business days of receiving such notice. Any notes or summaries referring or relating to any such produced Material subject to a claim of privilege or immunity shall be destroyed forthwith. Moreover, if a Receiving Party, upon review of information or Materials produced to it, becomes aware that any portion of such information or Materials could reasonably be considered to be protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the receiving party shall promptly notify the Producing Party of the specific Materials which could be so considered and will not use such Materials for any purpose until the issue has been resolved by agreement of the Parties or by order of the Court.

(c)     Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or Work product immunity or other applicable privilege designation by submitting a challenge to the Court. Each Receiving Party shall refrain from distributing or otherwise using the disclosed information or Materials for any purpose until the discoverability of the Materials is agreed by the Parties or resolved by the Court.

**13. DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a) Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b) Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c) No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d) Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13 (a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

**14. MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3 <u>Computation of Time</u>: The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of

Civil Procedure 6 except as otherwise provided in Civil Local Rule 7.

14.4    Fact of Designation Not Admissible:  The fact of designation, or failure to designate, Disclosure or Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulation and Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising from or related to this Stipulation and Protective Order.

14.5    Successors:  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, heirs, assigns, and employees.

14.6    Export Control:  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.7    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in these Actions.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.  If the Party who designated the information as Protected Material requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection.  Prior to disclosure of Protected Material at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

14.8    The provisions of this Stipulation and Protective Order do not apply to any trial proceedings in this Action.  The Parties will separately request the Court to enter an Order governing the handling of such materials at trial.

14.9    The Court shall retain jurisdiction to enforce the terms of this Stipulation and

Protective Order for a period of six months after final disposition of this litigation.

14.10   Nothing in this Stipulation and Order shall alter the requirements for and scope of expert discovery in accordance with Federal Rule of Civil Procedure 26, local rules, and case law.

14.11   The procedures set forth in this Stipulation and Protective Order shall apply to every action that is subject to this proceeding, whether filed in or transferred to this Court for so long as such actions are pending.

## 15.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or securely destroy or delete such material with a written certification of such secure destruction or deletion of Protected Material.  As used in this subdivision, "all Protected Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed or deleted, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or deleted and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, and attorney work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section IV (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  October 2, 2017

Respectfully submitted,

McCUNE WRIGHT AREVALO, LLP

By:   _/s/ Richard D. McCune_
        Richard D. McCune
Attorneys for Plaintiffs and the Putative Class

DATED: October 2, 2017               Respectfully submitted,

                                     MORRISON & FOERSTER LLP

                                     By:  /s/ Arturo J. González
                                          ARTURO J. GONZALEZ
                                     Attorneys for Defendant Apple Inc.

                    **AS MODIFIED BY THE COURT,**
          PURSUANT TO STIPULATION, IT IS SO ORDERED.
                                ^

DATED: _____October 11, 2017_____   _____
                                     The Honorable Howard R. Lloyd
                                     United States Magistrate Judge

# EXHIBIT A-1

## GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Thomas Davidson, Todd Cleary, Adam Benelhachemi, Michael Pajaro, John Borzymowski, Brooke Corbett, Taylor Brown, Justin Bauer, Heirloom Estate Services, Inc., Kathleen Baker, Matt Muilenburg, William Bon, and Jason Petty v. Apple, Inc.*, Case No. 5:16-cv-04942-LHK.

I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material that may be provided to me solely for the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation and for no other purpose whatsoever. I further agree not to disclose any Protected Material except as allowed by the terms of the Order. I will only make such copies of or notes concerning the Protected Material as are necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation in connection with this action. Upon final determination of this action, I shall promptly and securely destroy or delete all Protected Material provided to me as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. I understand that my obligations pertaining to the Protected Material continue event after the conclusion of the action.

sf- 3814819

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Dated: _____

_____
City and State where sworn and signed


Printed name: _____


Signature: _____

I, _____, declare:

      1.      I have read the Stipulation and Protective Order ("Order") in *Thomas Davidson, Todd Cleary, Adam Benelhachemi, Michael Pajaro, John Borzymowski, Brooke Corbett, Taylor Brown, Justin Bauer, Heirloom Estate Services, Inc., Kathleen Baker, Matt Muilenburg, William Bon, and Jason Petty v. Apple, Inc.*, Case No. 5:16-cv-04942-LHK, pending in the Northern District of California.

      2.      I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

      3.      I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Confidential or Highly Confidential Information obtained pursuant to the Order.

      4.      By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

      6.      By signing below, I hereby confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any competitive decision-making on behalf of any entity on the Restricted Competitors List with respect to the subject matter of this suit (including any messaging, tablet, or mobile phone applications, products, or services). I further agree that: (1) during the

pendency of these proceedings I shall not accept any position as an employee, officer, or director of any entity on the Restricted Competitors List; (2) for the two years following the close of expert discovery or during the pendency of these proceedings, whichever is shorter, I shall not consult with, or provide services to any entity on the Restricted Competitors List; and (3) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Confidential or Highly Confidential Information made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at_____.

Name: _____

Address: _____