UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 5:16-cv-04942-LHK (HRL)<br><br>**NOTICE OF HEARING AND INTERIM ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 129 |

The parties in this putative consumer class action have filed Discovery Dispute Joint Report #1 ("DDJR#1") because they cannot agree on a protocol to control the inspection and testing of the plaintiffs' allegedly defective iPhones.

The court sets a hearing on DDJR#1 for **November 8, 2017 at 1:30 PM**. Lead counsel shall appear in person.

The court wishes counsel to be particularly prepared to address the following:

1. Is there information, data, or diagnostic markers in the iPhones that are accessible only to Apple?

2. Can Apple, on account of proprietary diagnostic tools, analyze or interpret data accessed or extracted from the iPhones in a way that plaintiffs cannot?

3. Apple tells the court that plaintiffs can discover the same "underlying facts"

through their own testing as Apple can through its testing. Define "underlying facts."

4. Identify and describe what are "non-proprietary tests" as that phrase was used by the parties.

5. Can Apple describe its proprietary tests?

6. Is identifying or describing a test to be run disclosing work product? Does it matter if the test is proprietary or non-proprietary? How about the test results?

7. Is any data accessed or extracted from the iPhones "work product," or is it simply "factual"?

8. Apple's description of "non-destructive" testing seems to leave room for alteration, correction, deletion, or addition of data during a test so long as it does not "permanently alter the physical appearance or functionality of the iPhones." Is that correct? Does it matter?

9. How would the neutral expert know (or, how would plaintiffs know if the test were described to them), that a test was non-destructive?

10. Since the plaintiffs' claim appears to be based on an internal hardware defect, and all agree that the phone case is not to be opened, what type of test might be destructive of something important?

11. How would anyone know if something had been "destroyed"?

12. Would creation of a mirror image of each iPhone prior to testing be sufficient protection in the event of any "destruction" during testing?

The court encourages the parties to meet and confer again to try to reach agreement on a test protocol. They are surely better informed than this court on testing and on smart phone technology and ought to be able to craft something that will take into account and fairly balance their legitimate interests.

SO ORDERED.

Dated: October 26, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge