UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, et al., <br> Plaintiffs, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 5:16-cv-04942-LHK (HRL) <br><br> **(REDACTED) ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2** <br><br> Re: Dkt. Nos. 151, , 152 |

In Discovery Dispute Joint Report #2 ("DDJR #2"), the plaintiffs seek an order compelling Apple to produce certain documents and, then, a Fed. R. Civ. P. 30(b)(6) witness to testify about them. Apple argues the documents are irrelevant and resists producing them.

This putative consumer class action is on behalf of purchasers of Apple's iPhone 6 and 6 Plus ("iPhone"). Plaintiffs claim these iPhones have a hardware defect that causes their touchscreens to become unresponsive to commands on account of the cracking or dislodging of certain soldered connections which, as a result, interrupts the electrical connectivity between the touchscreens and the rest of the device. This so-called "touchscreen defect" is caused, they say, because Apple failed to provide a sufficiently robust external casing, or adequate shielding or padding, to protect the solder connections during normal usage of the iPhone.

Almost immediately after Apple released these iPhones for sale, purchasers unleashed an

uproar of complaints about the casings flexing or twisting or bending. The uproar became known as "BendGate." In response to BendGate, Apple issued a press release which defended the quality of the materials used in the iPhones' construction. In this litigation, plaintiffs relied on the press release as the basis for their cause of action for affirmative fraud. Ultimately, however, the presiding judge ruled that the representations in the press release were merely non-actionable puffery and dismissed that cause of action with prejudice.

However, the presiding judge upheld plaintiffs' cause of action for fraud-by-omission. That is, the plaintiffs' claim that Apple knew of the touchscreen defect, but said nothing about it to consumers, *was* a viable cause of action.

The plaintiffs served document requests seeking information about the bending and flexing of the iPhone cases. When Apple pushed back, plaintiffs dialed back the requests to just the BendGate documents. Defendant still said "No" because the presiding judge has tossed the claim for affirmative fraud based on BendGate. Plaintiffs counterargument is that BendGate is relevant to support their fraud-by-omission cause and action, and the court agrees with plaintiffs. The fact that no mention is made in the press release of the touchscreen defect is relevant to their fraud-by-omission claim. Internal Apple discussions or communications about what to say or not say in the press release are fair game for discovery as to what Apple knew and when did it learn it.

REDACTED

[1]

Within 10 days from the filing of this order, Apple will produce all documents related to (including leading up to) the BendGate press release, including without limitation all ESI, reports, memos, meeting minutes, studies, discussion points, and drafts of the press release. If anything is withheld on the basis of attorney-client privilege or work product doctrine, simultaneously submit a privilege log. Apple will also produce a 30(b)(6) witness to testify about the production.

---

[1] Apple's motion to seal portions of DDJR #2 is granted.

If an appeal is taken from this order, the order will be stayed until the appeal is resolved.

SO ORDERED.

Dated: December 14, 2017

HOWARD R. LLOYD
United States Magistrate Judge