UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>APPLE, INC.,<br><br>   Defendant. | Case No. 5:16-cv-04942-LHK   (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE 3**<br>Re: Dkt. No. 179 |

In Discovery Dispute #3, Apple seeks an order allowing its attorneys to contact Adam Benelhachemi ("Benelhachemi") in order to elicit information that Apple might use in opposition to the pending motion for class certification.

Benelhachemi, an Illinois resident, had been a named plaintiff in this putative class action against Apple over alleged touchscreen defects in its iPhone 6. Benelhachemi was to represent a sub-class of iPhone 6 users: people residing in Illinois who were alleged to be entitled to recover against Apple under Illinois consumer fraud statutes. (Dkt. 20).

Subsequently, plaintiffs' attorneys decided that Benehachemi was not an adequate class representative and sought to substitute another Illinois resident in his place. The parties entered a Joint Stipulation and [Proposed] Order . . . Substituting Illinois Plaintiff ("Stipulation") that one Eric Segal would take Benelhachemi's place as a named plaintiff for the Illinois sub-class and that

Benelhachemi's claims would be voluntarily dismissed without prejudice. Plaintiffs agreed to continue their efforts to secure Benelhachemi's deposition for Apple. (Two previous attempts to have him appear for deposition had been unsuccessful.) (Dkt. 161, 169).

There seems to be no dispute that, at the time the Stipulation was executed (and perhaps for some time afterward), Benelhachemi, although no longer a named plaintiff, continued to be represented by plaintiffs' counsel. After some time had passed, however, that changed. Both Benelhachemi and plaintiffs' counsel confirmed to Apple that there no longer was an attorney-client relationship between them. At that point, Apple said it was going to try to directly contact Benelhachemi and question him. Plaintiffs objected to any such contact unless it also included them. Apple refused, arguing that, since plaintiffs no longer represented Benelhachemi, Apple did not have to include them in on any contact with the former named plaintiff, now unrepresented. Apple's position would be quite sound, if it were not for the aforementioned Stipulation.

In pertinent part, the Stipulation says:

> WHEREAS, Interim Lead Counsel has determined that Plaintiff Benelhachemi will not serve as an adequate class representative under Fed. R. Civ. P. 23(a)(4) and, as such, Interim Lead Counsel will not move to appoint Plaintiff Benelhachemi as a class representative in this litigation;
>
> WHEREAS, Plaintiff Benelhachemi's deposition has twice been scheduled and then cancelled the day before the deposition was scheduled to occur;
>
> *WHEREAS, Plaintiffs do not oppose Apple taking the deposition of Plaintiff Benelhachemi, have agreed that Apple may serve a third party subpoena on Plaintiff Benelhachemi to secure his attendance at a deposition, and have agreed that Apple may directly contact Plaintiff Benelhachemi provided that Plaintiffs' counsel is included on any such communications*;

(Dkt. 169 at 2:15-25) (emphasis added).

Apple and the plaintiffs have differing interpretations of what the italicized language means. Apple says that once the Benhachemi-plaintiffs attorney client relationship terminated, the requirement that Apple must include plaintiffs' attorneys if it makes direct contact with Benhachemi goes away. That is, Apple contends that this requirement is conditioned upon the existence of that attorney client relationship, and if the relationship goes away then so does the requirement. Basically, it argues that since the facts changed, the deal is off.

The plaintiffs counter with the argument that a deal is a deal. There is no language in the Stipulation that conditions this requirement upon a continued attorney client relationship. Is the court to imply language that does not exist? As a matter of fact, if the language was only intended to apply when there was a continuing attorney client relationship, there would be no need to put in the language that *is* there ( everyone knows an attorney cannot make ex parte contact with a represented person, so no need to spell it out).

Apple may not have anticipated that Benelhachemi would become unrepresented and now regrets that it did not more carefully cabin its agreement to include plaintiffs' lawyers in any of its direct contact efforts. But, the language says what it says, and the court will not rewrite it or imply a qualification or proviso that is not there.

Apple may not communicate or contact Benelhachemi without including plaintiffs' counsel.

SO ORDERED.

Dated: February 2, 2018

HOWARD R. LLOYD
United States Magistrate Judge