ARTURO J. GONZÁLEZ (SBN 121490)
AGonzalez@mofo.com
PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
TIFFANY CHEUNG (SBN 211497)
TCheung@mofo.com
ALEXIS A. AMEZCUA (SBN 247507)
AAmezcua@mofo.com
CHRISTOPHER L. ROBINSON (SBN 260778)
ChristopherRobinson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

RICHARD D. McCUNE (SBN 132124)
rdm@mccunewright.com
DAVID C. WRIGHT (SBN 177468)
dcw@mccunewright.com
McCUNE WRIGHT AREVALO, LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

JOSEPH G. SAUDER
MATTHEW D. SCHELKOPF
JOSEPH B. KENNEY
McCUNE WRIGHT AREVALO, LLP
555 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0580

*Attorneys for Plaintiffs and the Proposed Class*

ANNE M. CAPPELLA (SBN 181402)
anne.cappella@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendant* APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, TODD CLEARY, ERIC SIEGAL, MICHAEL PAJARO, JOHN BORZYMOWSKI, BROOKE CORBETT, TAYLOR BROWN, JUSTIN BAUER, HEIRLOOM ESTATE SERVICES, INC., KATHLEEN BAKER, MATT MUILENBERG, WILLIAM BON, and JASON PETTY on behalf of themselves and all others similarly situated,<br>          Plaintiffs,<br>     vs.<br>APPLE INC.,<br>          Defendant. | Case No. 5:16-cv-04942-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     May 23, 2018<br>Time:    2:00 p.m.<br>Dept.:    Courtroom 8 – 4th Floor<br>Judge:   Honorable Lucy H. Koh |

1  Pursuant to the Court's May 8, 2018 Notice Regarding the Next Case Management Conference
2  (ECF No. 227), the parties respectfully submit the following Joint Case Management Statement in
3  advance of the Court's May 23, 2018 Further Case Management Conference.
4  On May 8, 2018, the Court issued an order denying Plaintiffs' Motion for Class Certification.
5  (ECF No. 226.)  In this Order, the Court noted that the parties had previously selected 10 claims to
6  litigate through summary judgment ("Selected Claims"): (1) New Jersey Consumer Fraud Act, N.J.
7  Stat. Ann. § 56:8-1; (2) Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201;
8  (3) Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010; (4) Illinois Consumer Fraud
9  and Deceptive Trade Practices Act, Ill. Comp. Stat ¶ 505; (5) Texas Deceptive Trade Practices Act,
10 Tex. Bus. & Com. Code ¶ 17.41; (6) Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105;
11 (7) common law fraud; (8) breach of express warranty; (9) breach of implied warranty; and
12 (10) Magnusson-Moss Act.
13 Pursuant to the Court's July 25, 2018 Order, the Court dismissed certain of the Selected
14 Claims.  (ECF No. 103.)  Plaintiffs subsequently sought to certify a class or sub-classes pursuant to the
15 following claims:  (1) a Colorado Consumer Protection Act claim; (2) a Florida Deceptive and Unfair
16 Trade Practices Act claim; (2) an Illinois Consumer Fraud and Deceptive Trade Practices Act claim;
17 (3) Texas Deceptive Trade Practices Act claim; and (4) a Washington Consumer Protection Act claim.
18 On May 8, 2018, the Court denied Plaintiffs' class certification motion.
19 As ordered by the Court on August 8, 2017 (ECF No. 109), the fact discovery cutoff is May 25,
20 2018.  Opening expert reports are due June 15, 2018; rebuttal reports are due July 6, 2018, and the
21 expert discovery cutoff is July 27, 2018.  Dispositive motions are due August 16, 2018.
22 **Plaintiffs' Statement**
23 After reviewing the Court's order denying their class certification motion, Plaintiffs intend to
24 file either a motion for leave to file a motion for reconsideration under Local Rule 7-9, or an appeal
25 under Fed. R. Civ. P. 23(f), or both, prior to the Case Management Conference Statement. In light of
26 this, Plaintiffs believe a stay of the litigation is appropriate until these motions are resolved.
27 In addition, the Court has set one summary judgment motion per side for the entire case, due on
28 August 16, 2018. (ECF No. 145, at 2 ("Last Day to File Dispositive Motions (one per side in the entire

1  case)".) Plaintiffs believe that briefing the remaining parked claims under Federal Rules of Civil
2  Procedure, Rule 12(b)(6), and litigating the remaining claims through class certification and summary
3  judgment in time for the August 16, 2018, dispositive motion deadline does not appear feasible.
4  Plaintiffs' propose that the parties and the Court discuss alterations to the schedule at the case
5  management conference or, if the Court prefers, following the resolution of the motion under Local
6  Rule 7-9 and/or the Rule 23(f) appeal.

7  **Apple's Statement**

8  Apple does not believe the schedule should be stayed pending Plaintiffs' motion for
9  reconsideration and/or Rule 23(f) petition.  Plaintiffs cannot meet the standard for reconsideration
10 because there are no new facts or law and no manifest failure by the Court to consider the facts or law
11 presented.  Similarly, Plaintiffs cannot establish that they are entitled to interlocutory appeal under
12 Rule 23(f).
13 At the outset, on November 30, 2016, the Court directed the Parties to litigate the Selected
14 Claims through summary judgment.  Plaintiffs have had ample opportunity to conduct discovery in this
15 matter.  Discovery has nearly closed as only nine days remain in the discovery period, and four Apple
16 witnesses are scheduled to appear for deposition next week.  Pursuant to the Court's direction, Apple
17 intends to file a single motion for summary judgment on the five Selected Claims at issue in the
18 Court's May 8, 2018 Order Denying Class Certification that are being pursued on an individual basis
19 by Plaintiffs Bauer, Bon, Borzymowski, Brown, Muilenburg, and Siegal.  Apple is prepared to proceed
20 with these Selected Claims through summary judgment on the schedule ordered by the Court.

1    DATED:  May 16, 2018            Respectfully submitted,

2                                           McCUNE WRIGHT AREVALO, LLP

3                                           By:  */s/ Richard D. McCune*
                                                  Richard D. McCune

4                                           Attorneys for Plaintiffs and the Putative Class

5

6    DATED:  May 16, 2018            Respectfully submitted,

7                                           MORRISON & FOERSTER LLP

8                                           By:  */s/ Arturo J. González*
                                                  ARTURO J. GONZÁLEZ

9                                           Attorneys for Defendant Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

2 I, Arturo J. González, attest that all signatories listed, and on whose behalf the filing is

3 submitted, concur in the filing's content and have authorized the filing.

6 DATED: May 16, 2018  By:  */s/ Arturo J. González*
                                    Arturo J. González