UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 16-cv-04942-LHK (VKD)<br><br>**ORDER RE JOINT DISCOVERY DISPUTE LETTER RE SCOPE OF DISCOVERY**<br><br>Re: Dkt. No. 272 |

Plaintiffs move to compel defendant Apple, Inc. ("Apple") to supplement its document production and an interrogatory response. Dkt. No. 272. Apple objects that plaintiffs' discovery requests are too broad and that they seek documents and information that are not relevant to any claim or defense. Apple also objects that it would be extremely burdensome at this late stage of the case to collect and produce the discovery plaintiffs demand, and that plaintiffs unduly delayed in moving to compel. *Id.*

The Court held a hearing on this dispute on November 20, 2018. Having considered the submissions of the parties, and the oral argument at the hearing, the Court grants in part and denies in part plaintiffs' motion to compel.

## I. BACKGROUND

### A. Plaintiffs' Claims Against Apple

In this putative class action, plaintiffs allege that the Apple iPhone 6 and iPhone 6 Plus "suffer from a material manufacturing defect that causes the touchscreen to become unresponsive to users' touch inputs." Dkt. No. 172 ¶ 43. Plaintiffs allege that a defect in the iPhones' external casing causes this touchscreen malfunction. *Id.* ¶ 45. According to plaintiffs, the logic board inside the iPhones contains two touchscreen controller chips that are responsible for converting

touches on the touchscreen into actions in Apple's iPhone software. *Id.* ¶¶ 48-49. These touchscreen controller chips are soldered to the logic board via a number of small solder balls. *Id.* ¶ 52. Because the external casing is insufficient to protect the iPhones' internal components from strain, bending of the iPhone during normal use causes the connections between the touchscreen controller chips and the logic board to crack. *Id.* ¶¶ 51-52. Disruption of the electrical connectivity between the touchscreen controller chips and the logic board interferes with the iPhones' ability to recognize when a user is touching the screen and to respond to the user's commands. *Id.* ¶¶ 53-56. *See also* Dkt. No. 226 at 2. The parties refer to the touchscreen malfunction that results from these series of events as the "touchscreen defect." *See* Dkt. No. 272 at 1.

Following motions practice, five claims survived dismissal: (1) a Colorado Consumer Protection Act claim, (2) a Florida Deceptive and Unfair Trade Practices Act claim, (3) an Illinois Consumer Fraud and Deceptive Trade Practices Act claim, (4) a Texas Deceptive Trade Practices Act claim, and (5) a Washington Consumer Protection Act claim. For each of these claims, plaintiffs rely on a fraudulent omissions theory of liability—namely, that Apple concealed and failed to disclose the touchscreen defect in the iPhone 6 and iPhone 6 Plus, causing consumers to pay more for the iPhones than they otherwise would have. Dkt. No. 103 at 24-25; Dkt. No. 226 at 35-36.

### B. Status of Discovery

On August 4, 2017, Judge Koh set a schedule that included a May 25, 2018 fact discovery cutoff in this case. Dkt. No. 109. On May 8, 2018, Judge Koh denied plaintiffs' motion for class certification. Dkt. No. 226. Plaintiffs petitioned the Ninth Circuit for permission to appeal the class certification order, and on May 23, 2018, two days before the close of fact discovery, Judge Koh stayed the case pending the Ninth Circuit's ruling on that petition. Dkt. Nos. 235, 236.

After plaintiffs voluntarily dismissed their petition, Judge Koh reopened the case and set a new schedule that preserved the time remaining for fact discovery in the original schedule with a new fact discovery cutoff of November 2, 2018. Dkt. No. 268. The parties filed a joint discovery dispute letter on November 9, 2018, seven days after the new fact discovery cutoff, as permitted

2

by Civil Local Rule 37-3.

Fact discovery in this case is complete, save for the discovery in dispute in the matter before the Court.

### C. Prior Discovery Dispute

On November 29, 2017 the parties filed Discovery Dispute Joint Report #2 before Magistrate Judge Lloyd. Dkt. No. 152. At that point, plaintiffs had served their First Set of Requests for Production of Documents and a Rule 30(b)(6) notice for the deposition of Apple. Dkt. Nos. 152-1, 152-2. As plaintiffs explained in their November 29, 2017 submission, they originally sought discovery of "all documents related to the iPhones bending and flexing." Dkt. No. 152 at 5. However, plaintiffs moved to compel a narrower scope of discovery: all documents related to Apple's September 25, 2014 "BendGate" press release and Rule 30(b)(6) deposition testimony regarding that same subject matter.[1] *Id.*

Judge Lloyd granted plaintiffs' motion to compel and ordered Apple to produce "all documents related to (including leading up to) the BendGate press release, including without limitation all ESI, reports, memos, meeting minutes, studies, discussion points, and drafts of the press release." Judge Lloyd also ordered Apple to provide a corporate designee to testify about this production. Dkt. No. 164 at 2.

### D. Current Discovery Dispute

Plaintiffs now move to compel complete discovery from Apple with respect to the following document requests and interrogatories:

First Set of Requests for Production ("RFP (First)"):

5. All documents that refer to, discuss or analyze, in whole or in part, any component of the external casing of the iPhones, including documents regarding the external casing bending, flexing, or twisting.

---

[1] "BendGate" is the term the media gave to widespread user complaints about the bending of the iPhone 6 and iPhone 6 Plus shortly after its release. *See* Dkt. No. 172, ¶ 54. Apple issued a press release on September 25, 2014 denying that the iPhones had a bending problem. *Id.,* ¶ 79. Plaintiffs originally claimed that this press release included affirmative misrepresentations, but the Court found as a matter of law that the press release contained no actionable misrepresentations. Dkt. No. 103 at 19-24.

3

15. All documents that constitute, refer to, discuss or analyze, in whole or in part, any testing of the iPhones, including, but not limited to quality control, performance testing, pre-production testing, design failure mode and effects analysis, failure mode and effects analysis, failure mode and effects management, fault tree analysis, Ishikawa diagrams, as well as any remedial efforts referred to, discussed, or analyzed as a result of such testing whether adopted by defendant or not.

18. All documents that refer to, discuss or analyze, in whole or in part, any potential or actual changes, revisions, or modifications made to the iPhones, whether contemplated in the iPhones or in successive versions or releases of the iPhones.

29. All documents that constitute, refer to, discuss or analyze, in whole or in part, any complaints, from any source, relating to the external casing of the iPhones bending, flexing, twisting, or otherwise deviating from your manufacturing and/or design specifications.

34. All documents that constitute, refer to, discuss or analyze, in whole or in part, your response to any complaints from any source regarding iPhones with external casing that [] bent, flexed, twisted, or otherwise deviated from your manufacturing and/or design specifications.

36. All documents that constitute, refer to, discuss or analyze, in whole or in part, standard operating procedures related to the external casing of the iPhones bending, flexing, twisting, or otherwise deviating from your manufacturing and/or design specifications.

37. All communications between you and your authorized stores, repair centers, or other field locations regarding iPhones with external casing that may bend, flex, twist, or otherwise deviate from your manufacturing and/or design specifications.

46. All reports related to investigations of potential failures, defects, or other problems with the iPhones, including any draft(s).[2]

49. All documents exchanged between defendant and any third parties relating to the external casing of the iPhones bending, flexing, twisting, or otherwise deviating from your manufacturing and/or design specifications.

Third Set of Requests for Production ("RFP (Third)"):

6. All documents related to the rate at which customers drop, or may drop, the iPhones compared or contrasted to the rates consumers dropped the iPhone 5 series of smartphones.

7. All documents related to the rate at which customers drop, or may drop, the iPhone 6s series of smartphones compared to the rate at which customers dropped the iPhones.

---

[2] At the hearing, plaintiffs' counsel clarified that plaintiffs move to compel documents responsive to Request for Production No. 46 (not 59).

8. All documents reflecting field failure projections or estimates related to bent and/or deformed enclosures for the iPhones.

9. All documents related to the effect of the external casing of the iPhones bending, twisting, and/or flexing on any of the internal hardware components of the iPhones.

First Set of Interrogatories:

2. State the number of complaints, warranty claims, and inquiries regarding the external casing of the iPhones bending, flexing, twisting, or otherwise deviating from your manufacturing and/or design specifications that you have received.

Dkt. No. 272-1.

Apple says that it has already produced all documents and information regarding the touchscreen defect, including documents and information that concerning the relationship between the bending, twisting and flexing of the casing and the touchscreen defect. In addition, Apple says that it has produced documents and information, regardless of whether they are directly related to the touchscreen defect, including: (1) all pre-release design and testing document analyzing the aluminum enclosure; (2) Apple's September 25, 2014 statement about the aluminum enclosure, as well as all documents related to (including leading up to) that statement; and (3) testimony from witnesses, including Rule 30(b)(6) witnesses, on topics related to the aluminum enclosure's design, development, materials, testing, durability, strength, and proposed and actual design changes. Dkt. No. 272 at 6-7.

Plaintiffs do not dispute Apple's representations about the discovery it has already provided. Rather, plaintiffs say that Apple should produce all documents responsive to the requests at issue, including *post-release* documents and information that relate to the bending, twisting, or flexing of the iPhone 6 and iPhone 6 Plus, even if that material does not refer to the touchscreen defect or to the mechanisms that allegedly lead to the touchscreen defect.

## II. DISCUSSION

This dispute principally requires the Court to consider whether plaintiffs' discovery requests meet the relevance and proportionality requirements of Rule 26 (b)(1). In their joint submission, the parties did not separately address the merits of specific requests for discovery. At the hearing, plaintiffs explained how the requests might be grouped, but their arguments for

compelling Apple's production of documents and information, and Apple's arguments in opposition, do not distinguish between different requests or categories of requests.

In evaluating plaintiffs' motion to compel, the Court considers three categories of discovery requests to Apple:

1. Requests seeking all documents and information relating to any defect in the iPhone 6 and iPhone 6 Plus;
2. Requests seeking all documents and information relating to any bending, twisting or flexing of the iPhone 6 and iPhone 6 Plus casing; and
3. Requests seeking documents relating to Apple's defenses.

In addition, the Court takes into account the parties' prior discovery dispute before Judge Lloyd and the resolution of that dispute.

### A. Documents and Information Not Limited to Bending, Twisting or Flexing of the iPhone Casing

Several of plaintiffs' requests seek discovery that is not tethered to the bending, twisting or flexing of the iPhone casing, let alone to the touchscreen defect. For example, RFP (First) No. 15 seeks documents reflecting "all testing" and RFP (First) No. 18 seeks "all changes, revisions, or modifications" to the iPhones regardless of whether they have anything to do with the touchscreen malfunction. These discovery requests do not seek relevant information, and the extremely broad scope of the requests is wholly unsupported. Moreover, Apple has represented that searching for the additional material encompasses by such requests would be time consuming and expensive. Such discovery is neither relevant nor proportional to the needs of the case.

Accordingly, the Court denies plaintiffs motion to compel with respect to the following requests or portions of requests:

- RFP (First) No. 5: All documents that refer to, discuss or analyze, in whole or in part, any component of the external casing of the iPhones . . .

- RFP (First) No. 15: All documents that constitute, refer to, discuss or analyze, in whole or in part, any testing of the iPhones, including, but not limited to quality control, performance testing, pre-production testing, design failure mode and effects analysis, failure mode and effects analysis, failure mode and effects management, fault tree analysis, Ishikawa diagrams, as well as any remedial efforts referred to, discussed, or analyzed as a result of such testing whether adopted by defendant or not.

6

- RFP (First) No. 18: All documents that refer to, discuss or analyze, in whole or in part, any potential or actual changes, revisions, or modifications made to the iPhones, whether contemplated in the iPhones or in successive versions or releases of the iPhones.

- RFP (First) No. 29: All documents that constitute, refer to, discuss or analyze, in whole or in part, any complaints, from any source, relating to the external casing of the iPhones . . . otherwise deviating from your manufacturing and/or design specifications.

- RFP (First) No. 34: All documents that constitute, refer to, discuss or analyze, in whole or in part, your response to any complaints from any source regarding iPhones with external casing that . . . otherwise deviated from your manufacturing and/or design specifications.

- RFP (First) No. 36: All documents that constitute, refer to, discuss or analyze, in whole or in part, standard operating procedures related to the external casing of the iPhones . . . otherwise deviating from your manufacturing and/or design specifications.

- RFP (First) No. 37: All communications between you and your authorized stores, repair centers, or other field locations regarding iPhones with external casing that may . . . otherwise deviate from your manufacturing and/or design specifications.

- RFP (First) No. 46: All reports related to investigations of potential failures, defects, or other problems with the iPhones, including any draft(s).

- RFP (First) No. 49: All documents exchanged between defendant and any third parties relating to the external casing of the iPhones . . . otherwise deviating from your manufacturing and/or design specifications.

- Interrogatory No. 2: State the number of complaints, warranty claims, and inquiries regarding the external casing of the iPhones . . . otherwise deviating from your manufacturing and/or design specifications that you have received.

**B.     Post-Release Documents and Information Concerning Bending, Twisting or Flexing of the Casing**

The parties' vigorously debate whether Apple should be required to produce all post-release responsive documents and information relating to bending, twisting, or flexing of the iPhones' external casing, regardless of whether that material concerns the touchscreen defect or to the mechanisms that allegedly lead to the touchscreen defect. Plaintiffs argue that this discovery may reveal whether Apple knew or should have known that distortions of the external casing would cause damage to the internal components of the iPhone, which would then cause the touchscreen to malfunction. Apple objects that the discovery is too attenuated from the touchscreen defect at issue in the case, and constitutes an impermissible fishing expedition.

7

Neither party briefed what standard or standards govern plaintiffs' fraud by omission theory and what statements were fraudulently omitted from which representations, making it difficult for the Court to determine what discovery might be relevant to plaintiffs' claims. However, the Court finds that Judge Koh's discussion of plaintiffs' fraud theory provides a useful guide to resolution of this discovery dispute.

In her order granting in part and denying in part Apple's motion to dismiss selected claims in plaintiffs' third amended complaint, Judge Koh discussed the allegations that support plaintiffs' fraudulent omission claims. It is clear from this discussion that the fraud at issue is Apple's knowledge of and failure to disclose that the iPhone's touchscreen was defective, and not more generally that the iPhones' casing may bend, twist, or flex. *See* Dkt. No. 103 at 26. And with respect to Apple's knowledge, Judge Koh cited allegations concerning Apple's pre-release durability testing and its pre-release decision to forego using a metal shield or underfill on the iPhone 6 and iPhone 6 Plus, even though prior versions of the iPhone had included this additional support, as well as early consumer reports of problems with the touchscreen. *See id.* at 27-28. From this discussion, the Court concludes that discovery of Apple's pre-release design and testing relating to the possible bending, twisting, or flexing of the iPhones' casing is relevant plaintiffs' theory of the case, even if that pre-release design and testing did not specifically refer to defects with the touchscreen. Such discovery tracks the allegations of the operative complaint, and specifically the allegations addressing Apple's knowledge of the touchscreen defect.

The same cannot be said for post-release design and testing documents that only generally concern the durability of the casing, but not the touchscreen defect. Given that the touchscreen defect manifested itself (both to Apple and to the public) soon after the release of the iPhone 6 and iPhone 6 Plus, that defect and the mechanisms alleged to cause the defect, should define the scope of relevant discovery, including the scope of discovery directed to Apple's knowledge of the defect.

The Court understands that Apple has already produced all responsive pre-release documents relating to the design and testing of the iPhone 6 and iPhone 6 Plus casing, in compliance with Judge Lloyd's December 14, 2017 order (Dkt. No. 164). *See* Dkt. No. 272 at 6.

8

In addition, the Court understands that Apple has already produced all post-release responsive documents and information that relate to the bending, twisting, or flexing of the iPhone 6 and iPhone 6 Plus to the extent they concern the touchscreen defect or the mechanisms that lead to the touchscreen defect, including the disruption of the connections between the touchscreen controller chip and the logic board. *See id.* at 6-7. If such productions have not been made, Apple must produce all such responsive material now.

The broader discovery plaintiffs' seek is not directly related to the claims and defenses actually in dispute, and while the Court appreciates plaintiffs' thesis that a broader scope of discovery might yield additional support for plaintiffs' argument that Apple should have known its iPhones would suffer a touchscreen defect, the sheer breadth of plaintiffs' requests and their delay in moving to compel this discovery weigh strongly against the relief they seek.

The Court recognizes that plaintiffs' motion is technically timely, but it is also very late in the discovery period. Moreover, it appears that plaintiffs compromised on much of the discovery they now seek to compel as part of their proposed resolution of the discovery dispute briefed to and resolved by Judge Lloyd. *See* Dkt. No. 152 at 6 ("Plaintiffs' original position was to move to compel all documents related to the iPhones bending and flexing. Plaintiffs have since narrowed this to only 'BendGate.'"). They now seek to regain ground they arguably gave up to resolve an earlier dispute. This too weighs against the relief plaintiffs seek.

Accordingly, the Court denies plaintiffs' motion to compel discovery with respect to all other aspects of RFP (First) Nos. 5, 29, 34, 36, 37 and 49, and RFP (Third) Nos. 8 and 9, and Interrogatory No. 2.

**C.**     **Documents and Information Concerning Apple's Defenses**

Plaintiffs seek production of documents responsive to RFP (Third) Nos. 6 and 7. These document requests seek relevant information about Apple's primary defense, which is that the touchscreen defect is caused by users dropping their iPhones and not by the bending, twisting, or flexing of the casing. Apple represented at the hearing that it has produced all responsive documents that compare or contrast the drop rates of the iPhone 5 and the iPhone 6s on the one hand, and the iPhone 6 and iPhone 6 Plus on the other hand. Assuming Apple has produced these

responsive documents, plaintiffs are entitled to no further production. If Apple has not produced all responsive documents it shall produce them now.

## III. CONCLUSION

In summary, with respect to RFP (First) Nos. 5, 29, 34, 36, 37 and 49, and RFP (Third) Nos. 8 and 9, and Interrogatory No. 2, the Court orders Apple to produce all pre-release documents and information relating to the design and testing of the iPhone 6 and iPhone 6 Plus casing, and all post-release documents and information that relate to the bending, twisting, or flexing of the iPhone 6 and iPhone 6 Plus to the extent they concern the touchscreen defect or the mechanisms that lead to the touchscreen defect, including the disruption of the connections between the touchscreen controller chip and the logic board. The Court also orders Apple to produce all documents responsive to RFP (Third) Nos. 6 and 7.

To the extent Apple has not already made these productions, it shall do so no later than December 14, 2018.

Plaintiffs' motion to compel is denied in all other respects.

**IT IS SO ORDERED.**

Dated: November 26, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge