ARTURO J. GONZÁLEZ (SBN 121490)
AGonzalez@mofo.com
PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
TIFFANY CHEUNG (SBN 211497)
TCheung@mofo.com
ALEXIS A. AMEZCUA (SBN 247507)
AAmezcua@mofo.com
CHRISTOPHER L. ROBINSON (SBN 260778)
ChristopherRobinson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANNE M. CAPPELLA (SBN 181402)
anne.cappella@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, TODD CLEARY, ERIC SIEGAL, MICHAEL PAJARO, JOHN BORZYMOWSKI, BROOKE CORBETT, TAYLOR BROWN, JUSTIN BAUER, HEIRLOOM ESTATE SERVICES, INC., KATHLEEN BAKER, MATT MUILENBURG, WILLIAM BON, and JASON PETTY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:16-cv-04942-LHK<br><br>**DECLARATION OF JENNIFER BROWN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**[L.R. 79-5]**<br><br>Dept.: Courtroom 8 – 4th Floor<br>Judge: Honorable Lucy H. Koh |

1  I, JENNIFER BROWN, declare:

2    1.   I am Senior Litigation Counsel at Apple Inc. ("Apple"). Pursuant to Civil Local Rule 79-5 and the Protective Order granted by the Court on October 12, 2017 (ECF No. 128), I submit this Declaration in Support of Plaintiffs' Administrative Motion to File Under Seal portions of their Opposition to Apple's Motion for Summary Judgment ("Opposition to Apple's Motion for Summary Judgment"), portions of the Declaration of Charles Curley in support thereof ("Curley Declaration") as well as certain exhibits attached to the Declaration of R.C. Harlan in support thereof ("Harlan Declaration"). (ECF No. 302.) The requested relief is narrowly tailored and necessary to protect the confidentiality of certain Apple information Plaintiffs rely upon in their Opposition to Apple's Motion for Summary Judgment. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2.   The exhibit numbers set forth below refer to documents filed provisionally under seal as attachments to the Harlan Declaration. (ECF No. 302-2.)

3.   Apple respectfully requests that the below-referenced portions of Plaintiffs' Opposition to Apple's Motion for Summary Judgment, the Declaration of Charles Curley, and certain documents attached to the Harlan Declaration remain under seal due to their confidential nature. These documents constitute, reflect, contain, or discuss Apple's highly confidential information that is protectable as trade secret or otherwise entitled to protection under the law. I respectfully submit that the presumption of access to judicial records does not apply here because Apple satisfies the "compelling reasons" standard that applies to dispositive motions, including motions for summary judgment. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 U.S. Dist. LEXIS 7368 (N.D. Cal. Jan. 21, 2014) (granting motion to seal confidential customer information); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) (granting motion to seal sensitive materials relating to how Google technology operates); *Transperfect Global, Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2013 WL 209678 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained

proprietary information about the sealing party's internal business operations and technology); *Neill v. Bank of Am., N.A.*, No. 11-CV-2254-BGS, 2012 U.S. Dist. LEXIS 178260 (S.D. Cal. Dec. 14, 2012) (granting motion to seal documents detailing defendant's internal policies and procedures).

4. The documents Apple seeks to seal contain the same types of information this Court has previously sealed under the "compelling reasons" standard, including iPhone manufacturing processes and internal testing, iPhone technical engineering, specifics of iPhone components and their functioning, Apple's process for handling iPhone returns, and the specifics of Apple's internal investigation into multitouch issues. (*See* ECF No. 241.)

**Confidential Information Already Sealed by the Court**

5. Apple seeks to maintain under seal the following documents or portions thereof this Court has previously sealed in its June 8, 2018 Order Granting in Part and Denying in Part Motions to Seal. (ECF No. 241.)

   a. Portions of the Expert Report of Charles Curley dated January 5, 2018 (Exhibit 4). Apple requests in this Motion that the Court seal the same portions of Exhibit 4 that the Court had previously sealed in its Order at ECF No. 241. Those redactions previously ordered by the Court appear in the redacted version of the Curley Report at ECF No. 245-4.

   b. An internal Apple email, bates labeled APL-DAVIDSON_02323100 - APL-DAVIDSON_02323105 (Exhibit 9). The Court previously sealed this document in its entirety. (*See* ECF Nos. 241, 173-29, 174-27.)

**Confidential Information Regarding iPhone Engineering, Test Procedures, and Test Results**

6. Exhibits 1, 5-8, 10-15, 17-27, and 33-37 to the Harlan Declaration contain highly confidential information regarding iPhone engineering, reliability test procedures and results, and internal investigation into multitouch issues. Apple seeks to seal information regarding its confidential reliability test procedures and the timing and nature of certain reliability test results relating to the iPhone 6 and 6 Plus. This information is competitively sensitive because it could be used by smartphone competitors when designing or implementing reliability test procedures.

1   The information may also reveal to smartphone competitors the nature and/or timing of certain
2   issues that may or may not be detected in response to specific testing.  Apple also seeks to seal
3   information regarding its internal investigation into certain issues and the actions that Apple may
4   or may not have taken in response to that investigation.  The information revealed by those
5   documents is competitively sensitive because it could be used by smartphone competitors to
6   understand the nature and/or timing of certain issues that may arise in smartphone products after
7   launch.  The information might also reveal to smartphone competitors actions that may or may
8   not be useful in addressing those issues.

9         7.      The below-referenced documents Apple seeks to seal reflect confidential, highly
10  sensitive internal business strategy, confidential engineering information and reliability test
11  protocols and results, and proprietary details about the iPhone 6 and 6 Plus, which could be used
12  by Apple's competitors to Apple's disadvantage.  In addition to competitive harm, disclosure of
13  these kinds of documents may have a chilling effect on internal business and engineering
14  discussions.  It is Apple's policy not to disclose the information described above, which is highly
15  confidential to Apple.  Apple is well-known for its corporate culture of carefully maintaining the
16  confidentiality of its business information, and employees who have access to the databases at
17  issue are required to sign confidentiality agreements and are informed of the importance of
18  maintaining confidentiality.

19        8.      Exhibits 5, 11, 17, 21, 22, 23, 26, 27, 33, and 36 include internal Apple emails
20  among Apple engineers that contain discussions of highly confidential manufacturing details,
21  strategies for detecting and resolving issues, reliability test protocols and results, details of design
22  and development practices, and technical analysis and investigation into multitouch issues that
23  could be used to Apple's disadvantage by competitors if not filed under seal.

24        9.      I attach as **Exhibit D** a proposed replacement for Harlan Declaration Exhibit 5,
25  which contains narrowly-tailored redactions of Apple's confidential information.

26        10.     Exhibits 6, 12, 13, 18, 19, 20, 25, 26, 27, 34, 35, and 37 include slide decks that
27  contain highly confidential reliability test procedures and results (Exhibits 13, 27, and 37) and
28

highly confidential technical analysis and investigation into multitouch issues (Exhibits 6, 12, 17, 18, 19, 20, 25, 26, 34, and 35).

11. I attach as **Exhibit E** a proposed replacement for Harlan Declaration Exhibit 6, which contains narrowly-tailored redactions for Apple's confidential information.

12. Exhibits 1, 7, 8, 10, 14, 15, and 24 are deposition transcripts for current Apple employees (Exhibits 1, 7, 10, 14, 15, and 24) and Plaintiffs' expert Charles Curley (Exhibit 8). Apple's grounds for moving to seal all or portions of these deposition excerpts are as follows:

   a. Apple seeks to seal portions of the 30(b)(6) deposition of Dave Pakula (Exhibit 1), that contain confidential information regarding Apple's reliability testing and results, as well as confidential details regarding Apple's iPhone design and development practices.

   b. Apple seeks to seal portions of the 30(b)(6) depositions of Walt Fong (Exhibit 7) and Allan Coulson (Exhibit 24) that contain confidential information regarding Apple's investigation into multitouch issues.

   c. Apple seeks to seal the portions of the deposition of Plaintiffs' expert Charles Curley (Exhibit 8) that discuss Apple's confidential reliability test procedures and results.

   d. Apple seeks to seal the excerpt of the 30(b)(6) deposition of Walt Fong (Exhibit 10) in its entirety, and portions of the 30(b)(6) depositions of Jason Fu and Henry Hoang (Exhibits 14 and 15, respectively) because they contain confidential information regarding Apple's reliability test procedures and results and investigation into multitouch issues.

13. I attach as **Exhibits C, F, G, H, I, and J** proposed replacements for Harlan Declaration Exhibits 1, 7, 8, 14, 15, and 24, respectively, which contain narrowly-tailored redactions of Apple's confidential information in those depositions transcripts.

14. The Curley Declaration contains redactions drawn from the above-discussed documents, as well as from the portions of the Curley Expert Report submitted with Plaintiffs' Motion for Class Certification (ECF No. 245-4) that this Court has already ordered sealed (*see*

ECF No. 241).  Apple therefore respectfully requests that for the reasons above, those narrow redactions remain under seal.  I attach as **Exhibit B** a proposed replacement for the Curley Declaration, which removes certain redactions for information that Apple believes does not require sealing.

**Confidential Information Regarding Apple's Internal Customer Service Policies and Databases**

15. Exhibit 16 reflects confidential information regarding Apple's internal customer service policies and databases, including its policies for handling iPhone returns and how it categorizes and maintains customer service data.  Apple's internal customer service policies, databases, and how Apple maintains data are highly confidential.  Employees who have access to the databases at issue are required to sign confidentiality agreements and are informed of the importance of maintaining confidentiality.

16. Apple has spent considerable time and resources developing its internal proprietary databases, including deciding which information it needs to maintain or track for its business purposes. In the electronics industry, the tracking and maintenance of consumer information and product information is considered to be valuable business information.  Because Apple is a leader in the industry, it is highly likely that competitors and others in the industry would take note of the types of information Apple tracks and potentially copy Apple's business practices.  Public disclosure of such information would give Apple's competitors knowledge of Apple's business operations to which they would not otherwise have access (while Apple would be deprived of such information regarding its competitors).  Such disclosure would pose a substantial risk to Apple's interests and could adversely impact Apple's ability to compete in the future because, if disclosed, Apple's competitors could take advantage of Apple's strategic decision-making and, rather than invest their own time and resources, could simply model their own databases off of Apple's.  Disclosure of such documents may also have a chilling effect on internal business discussions, which could cause competitive harm to Apple

17. For these reasons, I respectfully request that portions of the Exhibit 16 in its entirety remains under seal.

**Plaintiffs' Opposition to Apple's Motion for Summary Judgment**

18. The redacted portions of Plaintiffs' Opposition to Apple's Motion for Summary Judgment contain information drawn from the portions of the exhibits discussed above, and thus should be sealed for the same reasons discussed above.

19. I am attaching as **Exhibit A** to my declaration a proposed replacement for Plaintiffs' Opposition to Motion for Summary Judgment, which removes certain redactions of information that Apple believes does not require sealing.

20. It is Apple's policy to treat the information that Apple seeks to seal as confidential and not to disclose it publicly. Apple has narrowly tailored its sealing request to protect only as much information as needed to protect Apple's proprietary business interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of January 2019 at Sunnyvale, California.

_____
Jennifer Brown