UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 16-CV-04942-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE RENEWED MOTION TO CERTIFY CLASS AND DENYING *DAUBERT* MOTION AND MOTION FOR SUPPLEMENTAL FILING AS MOOT**<br><br>Re: Dkt. Nos. 270, 284, 309 |

On January 5, 2018, Plaintiffs filed a motion to certify class. ECF No. 174. In Plaintiffs' motion to certify class, Plaintiffs relied upon a completed survey-based conjoint analysis conducted by expert Stefan Boedeker for Plaintiffs' damages theory. *Id.* at 26.

On May 8, 2018, the Court denied class certification based on three flaws found in Boedeker's survey methodology, which failed to meet the United States Supreme Court's requirements for damages models set forth in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). ECF No. 226. First, Boedeker's survey failed to mention that the alleged defect in the iPhone models at issue might not even manifest. *Id.* at 39. Second, the survey failed to account for the fact that the alleged defect, if it manifests, does not render affected iPhones completely inoperable 100% of the

1

Case No. 16-CV-04942-LHK
ORDER DENYING WITHOUT PREJUDICE RENEWED MOTION TO CERTIFY CLASS AND
DENYING DAUBERT MOTION AND MOTION FOR SUPPLEMENTAL FILING AS MOOT

time. *Id.* Third, the survey only asked about a generic defect instead of a defect specifically affecting a phone's touchscreen. *Id.*

On May 16, 2018, in the parties' joint case management statement, Plaintiffs stated that they intended to either file a motion for leave to file a motion for reconsideration of the denial of class certification, or an appeal under Federal Rule of Civil Procedure 23(f), or both. ECF No. 232 at 1. Plaintiffs also asked for a stay of the case. *Id.* On May 22, 2018, Plaintiffs filed their Rule 23(f) petition. ECF No. 235. On May 23, 2018, the Court stayed the case pending resolution of Plaintiffs' Rule 23(f) petition. ECF No. 236. On August 9, 2018, Plaintiffs voluntarily withdrew their Rule 23(f) petition. ECF No. 248. On August 24, 2018, the Ninth Circuit granted Plaintiffs' request to withdraw their Rule 23(f) petition. ECF No. 252.

On September 12, 2018, Plaintiffs asked to lift the stay of the case and to file a renewed motion for class certification by September 27, 2018. ECF No. 255 at 3. Plaintiffs requested that renewed motion for class certification be heard on November 1, 2018. *Id.* The Court set the next case management conference for October 31, 2018. ECF No. 258.

At the October 31, 2018 case management conference, the Court lifted the stay and set the deadline to file a renewed motion for class certification for November 8, 2018. ECF No. 238 at 2. That motion is scheduled to be heard on February 21, 2019. *Id.*

On November 8, 2018, Plaintiffs filed their renewed motion for class certification. In their motion, Plaintiffs write that "Plaintiffs' expert, Stefan Boedeker, has stated how he *will* update his damages model to track this theory of liability and thereby satisfy *Comcast*." ECF No. 270 at 5 (emphasis added). Thus, Plaintiffs' motion relies on a hypothetical survey that Boedeker had not yet conducted despite the fact that Plaintiffs, in their original class certification motion, relied upon a completed Boedeker survey. Plaintiffs do not explain why Boedeker did not conduct this new survey during the 6 months between the Court's May 8, 2018 denial of class certification and the filing of Plaintiffs' renewed motion for class certification on November 8, 2018. On September 12, 2018, Plaintiffs had even proposed that they file their renewed motion for class

2

certification on September 27, 2018. ECF No. 255 at 3.

Briefing on Plaintiffs' renewed motion for class certification and Boedeker's hypothetical survey was completed on December 20, 2018. Specifically, Defendants filed their opposition on December 6, 2018. ECF No. 283. Plaintiffs filed their reply on December 20, 2018. ECF No. 288.

About a month later, on January 18, 2019, the deadline for submitting expert reports, Plaintiffs produced a *completed* damages survey conducted by Boedeker. ECF No. 309 at 1-2. Thus, briefing on the renewed motion for class certification is based on a *hypothetical* survey even though a completed survey now exists. Defendant seeks leave to file additional briefing that addresses whether Boedeker's new survey satisfies *Comcast*. ECF No. 309. Plaintiffs oppose. ECF No. 310.

Because analysis of whether Boedeker's new survey satisfies *Comcast* is essential to a class certification determination; because Plaintiffs did not complete this survey before filing their renewed motion for class certification despite having 6 months to do so; and because briefing on class certification should address Boedeker's new survey, the Court DENIES without prejudice Plaintiffs' renewed motion for class certification. ECF No. 270. Plaintiffs may file a third class certification motion that addresses the Boedeker's new survey. Plaintiffs' third motion for class certification shall be due by March 5, 2019. Defendant's opposition shall be due by March 29, 2019. Plaintiffs' reply shall be due by April 11, 2019. Plaintiffs' motion and Defendant's opposition shall not exceed 15 pages each. Plaintiffs' reply shall not exceed 5 pages. The third motion for class certification shall be heard on May 2, 2019, at 1:30 p.m.

Furthermore, Defendant's motion to exclude the supplemental declaration of Stefan Boedeker in support of Plaintiffs' renewed motion for class certification is DENIED as moot. ECF No. 284. Defendant's administrative motion for leave to file a 3-page supplemental brief in opposition to class certification is DENIED as moot. ECF No. 309.

The Court will hear Defendant's motion for summary judgment on February 21, 2019.

**IT IS SO ORDERED.**

3

Case No. 16-CV-04942-LHK
ORDER DENYING WITHOUT PREJUDICE RENEWED MOTION TO CERTIFY CLASS AND
DENYING DAUBERT MOTION AND MOTION FOR SUPPLEMENTAL FILING AS MOOT

Dated: February 12, 2019

_____
LUCY H. KOH
United States District Judge

4

Case No. 16-CV-04942-LHK
ORDER DENYING WITHOUT PREJUDICE RENEWED MOTION TO CERTIFY CLASS AND DENYING DAUBERT MOTION AND MOTION FOR SUPPLEMENTAL FILING AS MOOT