United States District Court
Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THOMAS DAVIDSON, et al., | Case No. 16-CV-04942-LHK |
|---|---|
| Plaintiffs, | **ORDER REAFFIRMING THE DENIAL OF SUMMARY JUDGMENT ON PLAINTIFFS' FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT CLAIM** |
| v. | |
| APPLE, INC., | |
| Defendant. | Re: Dkt. No. 291 |

On December 21, 2018, Defendant Apple, Inc. ("Apple") filed a motion for summary judgment as to, *inter alia*, Plaintiffs' Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim relating to an alleged touchscreen defect in Apple's iPhone 6 and iPhone 6 Plus. Plaintiffs filed their opposition to summary judgment on January 17, 2019. ECF No. 302 ("Opp."). Apple filed its reply on February 1, 2019. ECF No. 306 ("Reply").

On February 25, 2019, the Court issued an order granting in part and denying in part Apple's motion for summary judgment. ECF No. 324. The facts, procedural history, and legal standard are laid out in detail in the Court's order, so the Court need not rehash them here. In the Court's February 25, 2019 order, the Court denied summary judgment on Plaintiffs' FDUTPA

1

claim.

Here, the Court takes the opportunity to clarify its February 25, 2019 order granting in part and denying in part Apple's motion for summary judgment. Specifically, the Court addresses an argument raised in Apple's motion for summary judgment regarding Plaintiffs' claim under the FDUTPA relating to Florida Plaintiff John Borzymowski that was not explicitly addressed in the Court's February 25, 2019 order.

To state a claim under the FDUTPA, there are three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach Cty., Inc.*, 169 So.3d 164, 167 (Fla. Dist. Ct. App. 2015) (quoting *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348 (S.D. Fla. 2009)).

Apple argues that Borzymowski suffered no actual damages because he sold his defective iPhone 6 Plus to third-party purchaser Gazelle.com. Mot. at 22. Apple argues that through Borzymowski's sale, Borzymowski received "full value" for his iPhone 6 Plus. *Id.* Plaintiffs argue that the sale of the iPhone to Gazelle.com is "irrelevant to the damage Mr. Borzymowski suffered when he paid full price for his iPhone containing an undisclosed defect at the point of sale." Opp. at 24. The Court agrees with Plaintiffs.

Under Florida law, a FDUTPA claim accrues "on the date of sale." *S. Motor Co. of Date Cty. v. Doktorczyk*, 957 So. 2d 1215, 1218 (Fla. Dist. Ct. App. 2007). Here, Borzymowski purchased his iPhone 6 Plus on September 19, 2014. ECF No. 172 at ¶ 12. Thus, Borzymowski's FDUTPA cause of action accrued on September 19, 2014.

Apple argues that Borzymowski suffered no actual damages. However, a FDUTPA cause of action's damages "is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it *should have been* delivered." *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. Dist. Ct. App. 1984) (emphasis added); *see also Carriuolo v. General Motors Co.*, 823 F.3d 977, 986 (11th Cir. 2016) ("The FDUTPA damages formula calculates 'the value of the product as promised minus the value of the

2

Case No. 16-CV-04942-LHK
ORDER REAFFIRMING THE DENIAL OF SUMMARY JUDGMENT ON PLAINTIFFS' FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT CLAIM

product delivered.'"); *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 453 (5th Cir. 2001) (same). Therefore, here, damages are calculated by subtracting the value of the iPhone 6 Plus as promised (i.e., without the alleged touchscreen defect) minus the value of the iPhone 6 Plus as delivered (i.e., with the alleged touchscreen defect). Thus, the calculation of damages takes place at the point of sale.

Apple has put forth no evidence showing that Borzymowski suffered *no* damages on September 19, 2014, when Borzymowski purchased his iPhone 6 Plus. Tellingly, Apple cites to no evidence in support of its blanket assertion that Borzymowski received "full value" for his iPhone 6 Plus from Gazelle.com. Mot. at 22. To the contrary, the Court found in the order granting in part and denying in part Apple's motion for summary judgment that there was a genuine issue of material fact as to "whether the alleged touchscreen defect exists, whether Apple had knowledge of its existence, and whether Apple engaged in a deceptive act or unfair practice by failing to disclose it." ECF No. 324 at 14. Thus, there may have been a diminution in value of the iPhone 6 Plus as a result of the alleged touchscreen defect.

In sum, Apple's argument that Borzymowski suffered no actual damages because he sold his iPhone 6 Plus to third-party Gazelle.com is unfounded in the law and facts. The Court reaffirms its decision denying summary judgment as to Plaintiffs' FDUTPA claim.

**IT IS SO ORDERED.**

Dated: March 1, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge