MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, NEW YORK, NORTHERN VIRGINIA, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

March 13, 2019

Writer's Direct Contact
+1 (415) 268.7020
AGonzalez@mofo.com

**VIA ECF**

The Honorable Virginia K. Demarchi
United States Magistrate Judge
Northern District of California
San Jose Courthouse
280 South 1st Street, Courtroom 2
San Jose, CA 95113

Re: *Davidson, et al. v. Apple Inc.*, No.: 5:16-cv-4942-LHK

Dear Judge Demarchi:

In accordance with the Court's Standing Order No. 4(c), the following is the Parties' joint letter regarding their discovery dispute in this matter.

## I. Joint Statement of Dispute Requiring Resolution

Apple seeks a second deposition of two Plaintiffs' experts: Stefan Boedeker and Charles Curley. Apple believes these depositions are necessary because Messrs. Boedeker and Curley have submitted multiple expert reports/declarations since they were last deposed in January 2018, which have included new opinions, new facts upon which they have relied, and, in the case of Mr. Boedeker, an entirely new survey. As discussed below, Plaintiffs are not opposed to a non-duplicative second deposition of Mr. Boedeker; however, Plaintiffs believe that a second deposition of Mr. Curley would be inequitable, cumulative, duplicative, and disproportionate to the needs of the case.

## II. Parties' Positions

### A. Apple's Position

#### 1. Overview

Since they were last deposed, Plaintiffs' experts have submitted multiple new reports, new facts that form the bases of their opinions, and an entirely new survey that forms the

basis of Plaintiffs' damages model. Apple has not had a chance to ask Messrs. Boedeker and Curley about *any* of these facts or opinions, because they did not exist in January 2018.

Courts have permitted multiple depositions of expert witnesses in analogous circumstances where new facts or issues were raised for the first time in supplemental reports. *See*, *e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 5878392, at *3 (N.D. Cal. Nov. 21, 2012) (granting motion to compel further depositions of expert witnesses after the witnesses submitted new declarations); *Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1590845, at *2 (D. Kan. May 30, 2007) ("As Dr. Colgren's supplemental report contains new facts not previously disclosed in his original report, the court finds that under the factors of Rule 26(b)(2), a second deposition of Dr. Colgren limited to the new opinions and facts raised in his April 16, 2007 supplemental report is warranted."); *Tompkins v. Brookstone, Inc.*, No. A-12-CA-809-SS, 2013 WL 12109011, at *4 (W.D. Tex. Dec. 9, 2013) ("Considering Brookstone has not had an opportunity to ask Tompkins's questions regarding this second expert report, the Court DENIES Tompkins's Motion for Protection.").

**2. Mr. Boedeker Has Submitted Four New Reports and an Admittedly Flawed Damages Survey Since His Deposition**

Plaintiffs' first Motion for Class Certification, on January 5, 2018, relied on Mr. Boedker's **first expert report**. (ECF No. 174.) Mr. Boedeker's report included a completed conjoint survey, which purported to set forth a damages model that satisfied *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). Apple deposed Mr. Boedeker on January 29, 2018. On March 2, 2018, Mr. Boedeker submitted a **second expert report** with Plaintiffs' reply brief. (ECF No. 199.) The Court denied Plaintiffs' Motion for Class Certification on May 8, 2018, finding that no class could be certified due to three specific flaws in Mr. Boedeker's survey. (ECF No. 226.)

Plaintiffs filed an Amended Motion for Class Certification on November 8, 2018, which relied upon Mr. Boedeker's **third expert report**. (ECF No. 270.) This third expert report did not contain an actual survey; instead, Mr. Boedeker opined that he could add three new attributes to his survey that would fix the flaws identified by the Court.

Mr. Boedeker submitted a **fourth expert report**—with a new survey— on January 18, 2019, the deadline for the exchange of expert reports. Apple alerted the Court to the new survey, and the procedural quandary posed. (ECF No. 309.) On February 12, 2019, the Court denied class certification for the second time, and ordered that, "[b]ecause analysis of whether Boedeker's new survey satisfies *Comcast* is essential to a class certification determination; because Plaintiffs did not complete this survey before filing their renewed motion for class certification despite having 6 months to do so; and because briefing on class

certification should address Boedeker's new survey . . . . Plaintiffs may file a third class certification motion that addresses the Boedeker's new survey." (ECF No. 314.)

On February 15, 2019 Mr. Boedeker submitted his **fifth expert report**, which offers several opinions regarding a report by Apple's survey expert, Dr. Carol Scott.

On March 1, 2019, Plaintiffs filed a motion to completely redo Mr. Boedeker's latest survey and to modify the class briefing schedule. (ECF No. 335.) Plaintiffs admitted that Mr. Boedeker's survey contained an error "transpos[ing] the manifestation rate of the iPhone 6 Plus (5.6%) in the Survey with the manifestation rate of the iPhone 6 (.7%)."[1] (*Id*. at 2.) Mr. Boedeker asserted that the error occurred due to a "miscommunication" between his team and the survey vendor and offered new opinions regarding why the alleged transposed numbers do not affect the survey outcome. (ECF No. 335-2.) On March 5, 2019, Plaintiffs filed their third class certification motion, relying entirely on Mr. Boedeker's latest survey and claiming that a new survey is underway. (ECF No. 341.) On March 6, 2019, the Court denied Plaintiffs' motion to redo the survey. (ECF No. 342.) Apple's opposition to class certification is due on March 29, 2019.

Mr. Boedeker's opinions, and the bases for them, have completely changed since he was deposed over a year ago. Since that time, he has submitted four additional reports and an entirely new survey. He has also admitted there are errors in his latest survey, and opined that those errors do not affect the survey's findings. Judge Koh has questioned Plaintiffs' "various promises" about Mr. Boedeker's survey (ECF No. 342), and there remain numerous areas of inquiry in light of the seriatim reports, surveys (hypothetical and real), and mistakes in both. Apple must have an opportunity to depose Mr. Boedeker again.

### 3. Mr. Curley Has Submitted New Opinions and New Testing Since His Deposition

Mr. Curley submitted his **first expert report** with Plaintiffs' first Motion for Class Certification on January 5, 2018, largely addressing technical issues about the alleged product defect. (ECF No. 174.) Apple deposed Mr. Curley regarding his expert report on January 23, 2018. Mr. Curley submitted his **second expert report** on March 2, 2018, along with Plaintiffs' reply in support of class certification. (ECF No. 199.)

On January 18 and February 15, 2019, Mr. Curley submitted his **third and fourth expert reports**. Both reports include entirely new opinions that were not disclosed at the class certification stage based on new laboratory tests performed on devices he acquired from Apple and purchased on the Internet. Compared to the two laboratory tests he described at

[1] Apple disagrees that the errors in the survey are due to transposed numbers.

his 2018 deposition, Mr. Curley disclosed *39* new laboratory tests contained in narrated video files totaling nearly *6 hours* of footage. Mr. Curley claims that his new tests replicated the symptoms of "touch disease," in contrast to his 2018 tests, which he admitted did not result in a loss of touch responsiveness as alleged in the complaint. Apple has had no opportunity to examine Mr. Curley regarding his new opinions, laboratory tests, and video footage results on which he bases those new opinions.[2]

**4. Plaintiffs' Proposal Is Insufficient**

During the Parties' meet-and-confer, Plaintiffs refused any additional deposition of Mr. Curley, and would only stipulate to a second deposition of Mr. Boedeker if it was limited to 3.5 hours and the three attributes the Court found were missing in Plaintiffs' first survey. Now, Plaintiffs state that they do not oppose a second deposition of Mr. Boedeker, if Apple does not ask about "subjects it covered—or could have covered" in his first deposition.

While Apple agrees not to repeat questions from Mr. Boedeker's first deposition, Plaintiffs' restriction will lead to deposition-day disputes about whether a question relating to the first survey "could have" been asked in the first deposition. There are significant differences between Mr. Boedeker's first and latest surveys. Apple must have an opportunity to ask Mr. Boedeker about his first survey and its methodology as a means of understanding the methodology and design decisions made for his second (hypothetical) survey and his latest (actual) survey.

Apple requested these depositions on February 4, well in advance of the March 8 expert discovery deadline. Plaintiffs refused, claiming that Apple had one opportunity for these depositions and should have saved it for a later time. Apple had no reason to know that Messrs. Boedeker and Curley would submit expert reports for both class certification and merits, let alone the number of reports, new opinions, new tests (in Mr. Curley's case, 39 new tests and 6 hours of testing video), and multiple surveys submitted. Apple has agreed to use the experts' time efficiently and will not make duplicative inquiries at deposition. The alternative—questioning these experts at trial for the first time about these topics—is less efficient, as it could result in questioning or disputes before a jury that could be avoided altogether. Apple respectfully requests that this Court order Plaintiffs to make Messrs. Boedeker and Curley available for a second deposition, and that—understanding that Apple

[2] The *Huawei* case Plaintiffs cite has nothing to do with depositions and is referring to an entirely different standard (whether an expert's opinion constituted proper rebuttal testimony). *See Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 995–96 (N.D. Cal. 2018).

will not ask duplicative questions—Apple be permitted to question Mr. Boedeker regarding his first report and survey, given the context of his new survey.[3]

### B. Plaintiffs' Position

To the extent Apple obtains leave of Court pursuant to Federal Rules of Civil Procedure, Rule 30, Plaintiffs will arrange for a second deposition of Mr. Boedeker provided that the deposition is not duplicative of his first deposition. The Court should deny Apple's request for a second deposition of Mr. Curley.

#### 1. Apple's Request to Compel Additional Depositions Is Barred by Rule 30 of the Federal Rules of Civil Procedure

As a threshold matter, Apple's request to compel is procedurally improper. Where, as here, the parties have not stipulated to additional depositions, "[a] party ***must*** obtain leave of court" if the party seeks to depose a deponent who "has already been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(A)(ii) (emphasis added).

This should come as no surprise to Apple. Recently, in another case, Apple moved to compel a second deposition only to have the request denied because "Apple needed to seek leave . . . before a second deposition could be compelled." *Apple Inc. v. Mobile Star LLC*, No. 16-CV-06001-WHO, 2017 WL 4005468, at *2 (N.D. Cal. Sept. 12, 2017).

Here, Apple once again places the cart before the horse. Apple seeks to compel a second deposition of Messrs. Boedeker and Curley without first seeking leave from the Court. Apple should not be permitted to circumvent the plain text of Rule 30. *See Apple Inc.*, 2017 WL 4005468, at *2.

#### 2. Notwithstanding Apple's Failure to Comply with Rule 30, Plaintiffs Do Not Oppose Apple's Request to Re-Depose Mr. Boedeker to the Extent the Second Deposition Is Not Duplicative of the First

As Plaintiffs' have previously conveyed to Apple, Plaintiffs' primary concern with respect to Apple's proposed second deposition of Mr. Boedeker is that it will be duplicative

[3] Plaintiffs argue that Apple's request is procedurally improper because a "party must obtain leave of court" to take a second deposition. This joint letter is not an improper attempt to skirt the "leave of court" requirement; it is the method by which this Court *requires* the parties to address discovery disputes. *See* Magistrate Judge Demarchi's Standing Order for Civil Cases, Rule 4.

of the first. To the extent Apple does not seek to depose Mr. Boedeker regarding subjects it covered—or could have covered—in the first deposition of Mr. Boedeker, Plaintiffs do not oppose Apple's request for a second deposition of Mr. Boedeker.

**3. Relevant Procedural History Regarding the Parties' Technical Experts**

On November 8, 2017, the Court issued a scheduling order setting, *inter alia*, the briefing, opposition, and reply dates for Plaintiffs' motion for class certification (January 5, 2018; February 9, 2018; and March 2, 2018, respectively) and deadlines for opening and rebuttal expert reports (June 15, 2018 and July 6, 2018, respectively). (ECF No. 145 at 2.) Pursuant to the November 8, 2017 scheduling order, on January 5, 2018, Plaintiffs filed their motion for class certification, which included the declaration of Mr. Curley in support. Based on that declaration, and before their opposition brief was due, on January 23, 2018, Apple deposed Mr. Curley for more than seven hours.

On February 9, 2018, Apple filed its opposition to Plaintiffs' motion for class certification, including the declaration of Dr. Dauskardt in support, and in rebuttal to Mr. Curley. On February 13, 2018, Dr. Dauskardt submitted an amended declaration in opposition to Plaintiffs' motion for class certification. On March 2, 2018, Plaintiffs filed their reply brief, attaching a supplemental declaration of Mr. Curley addressing the criticisms included in Dr. Dauskardt's February 9 and 13, 2018 declarations.

After the Court denied Plaintiffs' motion for class certification, Plaintiffs' filed a petition under Federal Rules of Civil Procedure, Rule 23(f). (ECF No. 235.) In May 2018, the Court stayed this case pending the resolution of Plaintiffs' 23(f) petition. (ECF No. 236.) On November 1, 2018, the Court lifted the stay and issued a new case management order which required the parties' opening expert reports to be due on January 18, 2019, and rebuttal expert reports to be due on February 15, 2019. (ECF No. 268 at 1–2.)

Pursuant to the November 1, 2018 scheduling order, Mr. Curley and Dr. Dauskardt submitted opening reports on January 18, 2019, and rebuttal reports on February 15, 2019. In the January 2019 supplemental report, Mr. Curley discussed how additional testing he conducted confirmed the opinions in his January 5, 2018, report and rebutted the opinions of Dr. Dauskardt. In Mr. Curley's February 2019 Rebuttal Report, Mr. Curley rebutted the points raised in Dr. Dauskardt's January 2019 report. In Dr. Dauskardt's January 18, 2019 Report, Dr. Dauskardt opined on, among other things, his interpretations of deposition testimony in this matter and on additional testing performed on the named Plaintiffs' iPhones. In Dr. Dauskardt's February 15, 2019 Rebuttal Report, Dr. Dauskardt opined on, among other things, additional testing that he performed for the first time for the purposes of the February 2019 report. On March 8, 2019, Plaintiffs deposed Dr. Dauskardt.

At this juncture, both Plaintiffs and Apple have deposed the other side's relevant technical expert. The only difference is that Apple chose to depose Mr. Curley at the initial class certification stage—knowing that expert reports would not be completed until much later in the case pursuant to the Case Management Order—while Plaintiffs chose to wait until after expert reports were served before deposing Dr. Dauskardt.

**4. Apple Cannot Rely on Its Strategic Decision to Depose Mr. Curley Early in this Matter as Justification for a Second Deposition of Mr. Curley—an Advantage Not Available to Plaintiffs**

On January 23, 2018, Apple deposed Mr. Curley for more than seven hours. At the time of his deposition, Apple was well aware of the Court's November 8, 2017, Case Management Order setting deadlines for final expert reports approximately six months after the date of Mr. Curley's deposition. (ECF No. 145.) Apple was not forced to take Mr. Curley's deposition six months before final expert reports were due, that was Apple's choice.

By contrast, Plaintiffs chose not to depose Apple's experts at the class certification stage, recognizing that final expert reports were scheduled for later in the case, and that parties are limited to a single deposition of each expert witness. Instead, Plaintiffs waited to depose Dr. Dauskardt until March 8, 2019—after Dr. Dauskardt submitted his February 2019 Rebuttal Report. There is no reason Apple should be treated differently than Plaintiffs—especially considering Apple's expert witnesses have also submitted multiple declarations and reports over the same time period. Plaintiffs believe that it is unreasonable and not proportional to the needs of this case to allow Apple to ignore both the Federal Rules of Civil Procedure and the Court's Case Management Orders in order to have a redo of its prior strategic decision.

**5. Apple's Request to Re-Depose Mr. Curley, Who Has Not Disclosed Additional Opinions Since His Deposition, Is Unreasonably Cumulative and Duplicative and Not Proportional to the Needs of this Case**

Placing aside the inequities of allowing Apple to re-depose Mr. Curley after strategically choosing to depose him early, permitting Apple to depose him for a second time would be unreasonably cumulative and duplicative. *See* Fed. R. Civ. P. 26(b)(1)–(2). In response to Mr. Curley's declaration in support of Plaintiffs' original motion for class certification—which was not Mr. Curley's opening expert report—Apple deposed Mr. Curley for more than seven hours. Since then, Mr. Curley's opinions have neither changed nor expanded. Rather, as Apple admits, Mr. Curley has conducted further testing, as he testified he would do at deposition, and submitted expert reports in accordance with the Court's case management order (just as Apple's experts have done) that confirm the opinions he provided at his deposition. "[N]ew testing or methodologies" do not, *per se*, constitute

"new opinion[s.]" *See Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018).

Despite claiming that Mr. Curley expressed "new opinions" above, Apple fails to cite a single such example. Rather, Apple claims that Mr. Curley's post-deposition reports opine on Plaintiffs' defect allegations based on new experimental tests and results. However, new testing alone—including testing which confirms Mr. Curley's previous opinions regarding Plaintiffs' defect allegations—does not constitute a new opinion. In fact, Mr. Curley told Apple at his deposition that he would be performing those tests as soon as he received phones to test. In sum, Apple's claim that Mr. Curley's additional testing—supporting the very same opinions about which Apple previously deposed him—justifies the abrogation of the one-deposition rule, falls far short of establishing that a second deposition is warranted. This is especially where, as here, Apple strategically elected to take Plaintiffs' expert's deposition months before the deadline for disclosure of expert reports and the close of expert discovery.

The cases on which Apple relies are distinguishable. First, all of the cases were decided *prior* to the December 1, 2015, effective date of the amended Federal Rules of Civil Procedure. At the time these three cases were decided, Rule 26(b), which limits the availability of multiple depositions under Rule 30, "provided *a more liberal discovery standard*[.]" *See* Hon. Beverly Reid O'Connell and Hon. Karen L. Stevenson, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 11(III)-B (emphasis in original). Second, contrary to Apple's contention, the cases were not decided under "analogous circumstances[.]" *See Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 5878392, at *2–*3 (granting requests for additional depositions based on the need for a robust record due to Apple's motion for the "extraordinary remedy" of a permanent injunction); *Hamilton Sundstrand Corp.*, 2007 WL 1590845, at *1 (considering a motion for protective order); *Tompkins v. Brookstone, Inc.*, 2013 WL 12109011, at *4 (same).

Given Apple's failure to identify a single new opinion, and its lack of supporting law, Apple's request to re-depose Mr. Curley should be denied.

## III. Parties' Views Regarding the Necessity of a Hearing

### A. Apple's Position

If the Court believes a hearing would be helpful to further discuss the significant prejudice Apple would face if it is not permitted to depose Messrs. Boedeker and Curley regarding their new reports, opinions, and survey, Apple is available for a hearing at the Court's convenience.

**B. Plaintiffs' Position**

Plaintiffs do not believe that a hearing is necessary to the resolution of this motion.[4] However, if the Court finds that a hearing is necessary, Plaintiffs' counsel are available for a hearing at the Court's convenience.

## IV. Discovery Cut-Off Dates

Fact discovery is closed.

The expert discovery cut-off was March 8, 2019.

## V. Compliance with Meet and Confer Requirements

Lead counsel for the parties conferred telephonically regarding this dispute on February 28, 2019. Present on the call were David C. Wright (lead counsel), R.C. Harlan, and Jarrad Wood on behalf of Plaintiffs, and Arturo J. González (lead counsel), Tiffany Cheung, and Alexis Amezcua for Apple.

DATED: March 13, 2019

Respectfully submitted,

McCUNE WRIGHT AREVALO, LLP

By: */s/ David C. Wright*
David C. Wright
Attorneys for Plaintiffs and the Putative Class

DATED: March 13, 2019

Respectfully submitted,

MORRISON & FOERSTER LLP

By: */s/ Arturo Gonzalez*
ARTURO GONZALEZ
Attorneys for Defendant Apple Inc.

[4] Plaintiffs also dispute Apple's conclusory contention that it will face "significant prejudice" absent additional depositions of Messrs. Boedeker and Curley.