UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, et al., <br> Plaintiffs, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 16-cv-04942-LHK (VKD) <br><br> **ORDER RE FURTHER EXPERT DEPOSITIONS** <br> Re: Dkt. No. 352 |

Defendant Apple, Inc. ("Apple") asks the Court to order further depositions of two of plaintiffs' experts, Stefan Boedeker and Charles Curley. Plaintiffs acknowledge that a further, limited deposition of Mr. Boedeker may be warranted, but oppose a further deposition of Mr. Curley.

The Court grants Apple's request for further depositions of Messrs. Boedeker and Curley, subject to the limitations set forth below.

## I. BACKGROUND

This is a putative class action regarding alleged defects in the touchscreens of the Apple iPhone 6 and iPhone 6 Plus. Pending before the presiding judge is plaintiffs' third motion for class certification. Dkt. No. 341.

Plaintiffs rely on the expert testimony of Mr. Boedeker regarding a damages model to support their motion for class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. *Id.* Apple deposed Mr. Boedeker on January 29, 2018, after he provided his first expert report. Dkt. No. 352 at 2. Since then, Mr. Boedeker has provided four additional experts reports, including one report that contains the results of a new survey.

Plaintiffs also rely on the expert testimony of Mr. Curley on technical matters relating to

1 the alleged defects in the iPhone 6 and iPhone 6 Plus. *See* Dkt. No. 174-6. Apple deposed Mr. Curley on January 23, 2018, after he provided his first expert report. Dkt. No. 352 at 3, 6. Since then Mr. Curley has provided three additional expert reports, including one report that contains the results of additional testing performed on the iPhone 6 and iPhone 6 Plus not disclosed in his first expert report. *Id.* at 3-4, 6.

## II. LEGAL STANDARD

Rule 30(d) limits a deposition to one day consisting of seven hours unless the parties stipulate or the Court orders otherwise. Fed. R. Civ. P. 30(d)(1). The Court must permit a further deposition of a witness, or permit additional time if fairly needed to examine the witness, to the extent such deposition is "consistent with Rule 26(b)(1) and (2)." *See* Fed. R. Civ. P. 30(a)(2)(A)(ii), 30(d)(1). Rule 26(b)(1) permits discovery of nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P 26(b)(1). Rule 26(b)(2) requires the Court to limit discovery that is unreasonably cumulative or duplicative, or that the party seeking discovery has had ample opportunity to obtain, or that is outside the scope of permissible discovery described in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2).

## III. DISCUSSION

### A. Mr. Boedeker

Apple wishes to examine Mr. Boedeker regarding matters not disclosed in his first expert report. Plaintiffs object on the ground that Apple has not sought leave of Court to take a further deposition of Mr. Boedeker. In addition, plaintiffs argue that the Court should limit any further deposition to only matters that Apple did not cover, and could not have covered, in its first deposition of Mr. Boedeker. Plaintiffs do not ask the Court to limit the duration of any further examination.

Plaintiffs' first, procedural objection is moot, as the Court construes Apple's present request for further depositions of Mr. Boedeker and Mr. Curley as a request for leave to take such depositions.

Apple has shown good cause for a second deposition of Mr. Boedeker. It is undisputed that Mr. Boedeker has prepared several additional experts reports that include new opinions and a

new survey, and Apple has had no opportunity to examine Mr. Boedeker about this new material. However, the crux of the parties' dispute is whether Apple's further examination of Mr. Boedeker will cover matters that were properly within the scope of his first deposition. Both parties raise legitimate concerns. Plaintiffs say that Mr. Boedeker should not have to answer questions about matters that Apple covered, or could have covered, in his first deposition, as such examination would be duplicative and burdensome. Apple says that, while it will not ask duplicative questions, it should be allowed to question Mr. Boedeker about his first survey and methodology as a means for understanding his subsequent surveys and methodologies.

The Court resolves these competing concerns as follows: Apple may take a further deposition of Mr. Boedeker about the matters disclosed in the expert reports he provided after his first deposition. Apple may not examine or re-examine Mr. Boedeker about matters disclosed in his first expert report; however, Apple may examine Mr. Boedeker about how the survey methodologies, survey results, and opinions on which he presently relies compare to his prior survey methodologies, survey results, and opinions, including those methodologies, results, and opinions disclosed in Mr. Boedeker's first expert report. Apple's second deposition of Mr. Boedeker shall be limited to seven hours of testimony on the record, unless the parties stipulate otherwise.

**B.      Mr. Curley**

Apple also wishes to examine Mr. Curley regarding matters not disclosed in his first expert report. In addition to the procedural objection, resolved above, plaintiffs object on the ground that a further deposition of Mr. Curley would be unreasonably cumulative and duplicative, and not proportional to the needs of the case. Plaintiffs acknowledge that Mr. Curley has provided three additional expert reports since his first deposition, but they argue that these reports only confirmed opinions he previously disclosed, and do not change or expand upon those prior opinions. Moreover, they point out that Apple chose to depose Mr. Curley after he submitted his first expert report in connection with plaintiffs' initial class certification motion, even though Apple knew Mr. Curley would prepare additional expert reports later in the case. Plaintiffs argue that it is unfair to permit Apple two opportunities to depose Mr. Curley when ordinarily parties have only one such

3

opportunity, after the completion of expert reports.

Although the parties appear to dispute whether Mr. Curley's most recent expert reports contain new opinions, they appear not to dispute that Mr. Curley's 2019 expert reports disclose new laboratory tests and test results that are described in nearly six hours of video. *Compare* Dkt. No. 352 at 4 *with id.* at 8. Plaintiffs contend that Apple does not identify any new opinion of Mr. Curley that is disclosed in his most recent expert reports. *Id.* at 7. Apple says that Mr. Curley does indeed express new opinions about loss of touch responsiveness based on his new tests and that these opinions were not disclosed his first expert report. *Id.* at 4.

None of Mr. Curley's subsequent reports is before the Court, so it is not possible for the Court to determine which party is correct about whether certain of his opinions are new. However, Mr. Curley's reliance on the recent disclosure of substantial new test results in support of his opinions is sufficient justification for Apple's further examination of the basis and reasons for those opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). With respect to plaintiffs' strategic concerns, plaintiffs are correct that Apple was not forced to take Mr. Curley's deposition after his first expert report, but neither was Mr. Curley forced to conduct additional testing or change the basis and reasons for his opinions. Equally unpersuasive is plaintiffs' argument that they are disadvantaged compared to Apple because "Apple's expert witnesses have also submitted multiple declarations and reports over the same time period." *See* Dkt. No. 352 at 7. Unlike Apple, plaintiffs do not request a further deposition of any Apple expert or additional time to examine any Apple expert, nor have they offered any justification for such relief.

As described by the parties, the new material in Mr. Curley's expert reports appears to be less extensive than the new material in Mr. Boedeker's expert reports. Apple may take a further deposition of Mr. Curley about the additional testing and test results disclosed in the expert reports he provided after his first deposition. Apple may not examine or re-examine Mr. Curley about matters disclosed in his first expert report. Apple's second deposition of Mr. Curley shall be limited to four hours of testimony on the record, unless the parties stipulate otherwise.

## IV. CONCLUSION

Apple make conduct further examination of Messrs. Boedeker and Curley, subject to the

4

limitations described in this order.  The parties shall cooperate to schedule these depositions.

**IT IS SO ORDERED.**

Dated:   March 15, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge