RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
**McCune Wright Arevalo, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

STEPHEN G. LARSON (SBN 145225)
slarson@larsonobrienlaw.com
R.C. HARLAN (SBN 234279)
rcharlan@larsonobrienlaw.com
**LARSON O'BRIEN LLP**
555 South Flower Street, Suite 4400
Los Angeles, CA  90071
Telephone:  213.436.4888
Facsimile:   213.623.2000

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, TODD CLEARY, ERIC SIEGAL, MICHAEL PAJARO, JOHN BORZYMOWSKI, BROOKE CORBETT, TAYLOR BROWN, JUSTIN BAUER, HEIRLOOM ESTATE SERVICES, INC., KATHLEEN BAKER, MATT MUILENBURG, WILLIAM BON, and JASON PETTY on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>    vs.<br><br> APPLE, INC.,<br><br>                   Defendant. | Case No. 5:16-cv-04942-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE NEW EVIDENCE SUBMITTED WITH PLAINTIFFS' CLASS CERTIFICATION REPLY BRIEF**<br><br>Date:  May 2, 2019<br>Time: 1:30 P.M.<br>Courtroom: 8 – 4th Floor<br><br>Dept.: Courtroom 8 – 4th Floor<br>Judge: Honorable Lucy H. Koh |

## I. INTRODUCTION

Apple's motion to strike new evidence suffers from severe procedural and substantive flaws. Procedurally, the motion is flawed because it violates Civil Local Rule 7-3(d)(1). That rule prohibits parties from filing motions to strike evidence included in a reply brief. But despite that clear directive, Apple has filed a non-noticed motion to strike new evidence—complete with a declaration and proposed order.

But Apple's motion also fails on substantive grounds. To begin with, it incorrectly suggests that Plaintiffs relied on Stefan Boedeker's Corrected Amended Expert Report or the underlying survey. To be clear, Plaintiffs have not relied on the Corrected Amended Expert Report—or its underlying survey—in support of their motion for class certification. Instead, Mr. Boedeker's declaration in support of Plaintiffs' Reply Brief makes a small number of contextual references to the Third Survey. Indeed, two of the references that Apple take issues with merely note that a Third Survey occurred. The other three references address minor, non-methodological fixes that the Third Survey made. But the purpose of these references was not to rely on the Third Survey, but rather, were merely context in order for Mr. Boedeker to explain that notwithstanding the Second Survey's flaws—that were addressed in the Third Survey—the Second Survey still satisfied *Comcast*. Apple's motion is also internally inconsistent regarding timing, suggesting that it believes it is entitled to have its expert's challenges go unchallenged. In any event, this argument cannot be separated from Apple's flagrant disregard for the Local Rules. Either Apple must properly object to Plaintiffs' new evidence, or it must notice a motion; it cannnot have it both ways.

### A. Apple's Motion Violates Civil Local Rules 7-3(d)(1) and 7.2(a).

Under Civil Local Rule 7-3(d)(1), a party "may file and serve an Objection to Reply Evidence" if "new evidence has been submitted in the reply[.]" An Objection to Reply Evidence "may not include further argument on the motion." *Id.*

1

Here, Apple filed a motion to strike the evidence that Plaintiffs submitted along with their reply in support of class certification. This is improper. *See Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, Case 3:12-cv-037862-SI, 2014 WL 572290, at *1, n. 1 (N.D. Cal. Feb. 11, 2014) ("If a party disputes the evidence filed in support of a reply brief, the proper procedure under the Local Rules is to file objections to the reply evidence, *not a motion to strike the evidence*") (emphasis added). There is no question here that although Apple labeled its filing as some hybrid Objection/Motion to Strike, the essence of the filing is a motion to strike. After all, not only did Apple include a supporting declaration, it also provided a proposed order, as the Local Rules require all parties filing a motion. *See* Civil L.R. 7.2(c) ("Unless excused by the Judge who will hear the *motion*, each *motion* must be accompanied by a proposed order") (emphasis added). But Local Rule 7-3(d)(1) makes clear, a party cannot use a motion to strike to challenge reply evidence. And to the extent Apple intended its filing to be a separate motion to strike, such an attempt fails because Apple did not notice its motion as required by the Local Rules. *See* Civil L.R. 7.2(a). Apple's hybrid approach does not work because it is a blatant end-run around this Court's Local Rules. The Court should decline to strike Plaintiffs' reply evidence on this ground alone.

### B.     Plaintiffs Do Not Rely on The Third Survey.

Contrary to Apple's assertions, Plaintiffs do not rely on Boedeker's Corrected Amended Expert Report or its underlying survey. Rather, Plaintiffs make a handful of contextual references to the underlying survey. These contextual references fit into one of two categories: (1) mere statements that Boedeker conducted a Third Survey; or (2) minor explanations about what the Third Survey fixed in order to provide context for the Second Survey. Boedeker's purpose in including these references was to explain that notwithstanding the Second Survey's flaws, it still satisfied *Comcast*. Mindful of the Court's prior orders, nowhere did Plaintiffs introduce the results of the Third Survey, or the underlying response data, into evidence. Simply put, Apple's

2

PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE NEW EVIDENCE
SUBMITTED WITH PLAINTIFFS' CLASS CERTIFICATION REPLY BRIEF
Case No. 5:16-cv-04942-LHK

1 claim that Plaintiffs have violated this Court's order is incorrect because Plaintiffs specifically never relied on the Corrected Amended Expert Report or the underlying survey.

In short, any prejudice that Apple would face is entirely imaginary, as Plaintiffs do not rely on the Third Survey.

### C. Apple's Timing Argument Is Internally Inconsistent.

Apple's final argument hinges on the invalid premise that an expert declaration is the same as an expert report. But even if Apple's premise were valid, implicit in its argument is the idea that reply reports are prohibited and present new opinions, which is simply not the case. *See In re High-Tech Employee Antitrust Litig.*, Case No.: 11-CV-02509-LHK, 2014 WL 1351040, at *13 (N.D. Cal. Apr. 4, 2014) (denying motion to strike where expert "simply respond[ed] to other expert's criticism"). Moreover, Apple's timing position is internally inconsistent. It suggests that Plaintiffs could simply have included the Supplemental Declaration responding to Apple's yet-to-be-filed Opposition in support of their March 5, 2019 class certification motion. (ECF No. 370 at 3.) In any event, all of these arguments suffer from a united flaw: Apple makes them all in the context of a non-noticed motion that it is not even permitted to bring. Again, Apple cannot have it both ways; it either must file a proper Objection to New Evidence *as the rule dictates*, or it must file a proper motion. It has done neither.

## II.  CONCLUSION

For the foregoing reasons, Apple's Objections to New Evidence should be overruled and its Motion to Strike New Evidence should be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| Dated: April 29, 2019 | Respectfully submitted,<br>LARSON O'BRIEN LLP<br><br>By: */s/ Stephen G. Larson*<br>　　STEPHEN G. LARSON<br>　　R.C. HARLAN<br>　　555 South Flower Street, Suite 4400<br>　　Los Angeles, CA  90071<br>　　Telephone:　213.436.4888<br>　　Facsimile:　213.623.2000<br><br>　　DAVID C. WRIGHT<br>　　RICHARD D. MCCUNE<br>　　McCUNE WRIGHT AREVALO, LLP<br>　　3281 East Guasti Road, Suite 100<br>　　Ontario, California 91761<br>　　Telephone: (909) 557-1250<br>　　Facsimile: (909) 557-1275<br><br>　　*Attorneys for Plaintiffs and the Proposed Class* |

4

PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE NEW EVIDENCE
SUBMITTED WITH PLAINTIFFS' CLASS CERTIFICATION REPLY BRIEF
Case No. 5:16-cv-04942-LHK