UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 16-CV-04942-LHK<br><br>**ORDER DENYING ADMINSTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 361, 367 |

Before the Court are two administrative motions to seal filed in connection with Plaintiffs' third motion for class certification and Apple's motion to exclude the Amended Corrected Expert Report of Stefan Boedeker ("Second Boedeker Report"). ECF Nos. 361, 367. For the reasons explained below, the Court DENIES both motions to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

2

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by the opposing party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the [opposing party] must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

Here, the Court need not determine whether the compelling reasons or good cause standard applies because sealing is not warranted under either standard. The instant motions to seal seek to seal only excerpts from the deposition of Plaintiffs' expert Stefan Boedeker ("Boedeker

3
Case No. 16-CV-04942-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Deposition"), and only because the terms of the parties' protective order require that "All transcripts or recordings of depositions or other pretrial proceedings shall be treated as 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' for thirty (30) days after receipt of the transcript or recording." ECF No. 128 at 6 (stipulated protective order). Apple seeks to seal Boedeker Deposition excerpts filed with Apple's opposition to Plaintiffs' third motion for class certification and with Apple's motion to exclude Boedeker. ECF No. 361. Plaintiffs seek to seal Boedeker Deposition excerpts filed with Plaintiffs' opposition to Apple's motion to exclude Boedeker. ECF No. 367.

Neither motion to seal is supported by a declaration that the Boedeker Deposition excerpts are sealable, nor even any argument to that effect. For example, Apple's motion to seal states, "Apple does not believe that the Deposition Material contains any confidential information of Apple that requires sealing, but is filing these documents under seal pursuant to Local Rule 79-5(e)(1) in order to comply with the Protective Order, and to provide Plaintiffs with an opportunity to provide a basis for sealing the material." ECF No. 361 at 1. After Apple filed its motion to seal, Plaintiffs provided no declaration in support of sealing information from the Boedeker Deposition.

As for Plaintiffs' motion to seal, Plaintiffs similarly represent that "Plaintiffs do not believe these documents and exhibits are required to be sealed but anticipate Apple will provide the basis to seal these documents to pursuant to Local Rule 79-5(e)(1). ECF No. 367 at 2. However, four days later, Apple filed a response indicating that Apple does not wish to seal any of the Boedeker Deposition excerpts: "Apple notifies the Court and Plaintiffs that it does not seek to seal the material identified in Plaintiffs' motion to file under seal." ECF No. 369.

Accordingly, neither party has provided a declaration establishing that good cause or compelling reasons exist to seal the Boedeker Deposition excerpts at issue in the two motions to seal before the Court. In fact, both parties have expressly disclaimed any position that the Boedeker Deposition material should be sealed. Under the Ninth Circuit's sealing case law and the Northern District's Civil Local Rules, sealing is thus not warranted. Therefore, the Court

4

Case No. 16-CV-04942-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

1 | DENIES the parties' administrative motions to seal, ECF Nos. 361 and 367.

2 | **IT IS SO ORDERED.**

3 | Dated: June 19, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge