UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant. | Case No. 16-CV-04942-LHK<br><br>**ORDER RE CASE MANAGEMENT** |

On August 27, 2016, Plaintiffs Thomas Davidson, Todd Clearly, and Jun Bai filed the original class action complaint against Defendant in this instant action. ECF No. 1. On October 7, 2016, a first amended class action complaint was filed. ECF No. 20. The first amended class action complaint added many more Defendants and asserted 21 causes of action under the laws of a multitude of states. *Id.*

On November 30, 2016, the Court held a case management conference and filed a case management order allowing Plaintiffs to file a second amended class action complaint, which added Plaintiffs from Utah and one cause of action under Utah law. ECF No. 41. In addition, because litigating over 20 causes of action would be unwieldy, the parties agreed at the November 30, 2016 case management conference to each select five causes of action—for a total of ten

1
Case No. 16-CV-04942-LHK
ORDER RE CASE MANAGEMENT

causes of action—to litigate. ECF No. 44. The parties selected the following ten causes of action to litigate: (1) New Jersey Consumer Fraud Act; (2) Florida Deceptive and Unfair Trade Practices Act; (3) Washington Consumer Protection Act; (4) Illinois Consumer Fraud and Deceptive Trade Practices Act; (5) Texas Deceptive Trade Practices Act; (6) Colorado Consumer Protection Act; (7) common law fraud; (8) breach of express warranty; (9) breach of implied warranty; and (10) Magnusson-Moss Act. *Id.* After multiple rounds of motions to dismiss, the following five causes of action that the parties elected to litigate survived: (1) Colorado Consumer Protection Act; (2) Florida Deceptive and Unfair Trade Practices Act; (3) Illinois Consumer Fraud and Deceptive Trade Practices Act; (4) Texas Deceptive Trade Practices Act; and (5) Washington Consumer Protection Act. ECF No. 226 at 9.

On May 8, 2018, the Court denied Plaintiffs' class certification motion because Plaintiffs' damages model failed to meet the requirements of *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). *Id.* at 35. Plaintiffs filed an appeal of the Court's denial of class certification under Federal Rule of Civil Procedure 23(f), ECF No. 235, but Plaintiffs subsequently withdrew the appeal, ECF No. 252. On November 1, 2018, the Court filed an order allowing Plaintiffs to amend their expert damages report and file a new motion for class certification. ECF No. 268.

On February 25, 2019, the Court granted in part and denied in part Defendant's motion for summary judgment. ECF No. 324. Thus, after summary judgment, the remaining causes of action that the parties elected to litigate were: (1) Colorado Consumer Protection Act; (2) Florida Deceptive and Unfair Trade Practices Act; and (3) Washington Consumer Protection Act. *Id.* at 25.

On June 20, 2019, the Court once again denied Plaintiffs' motion for class certification. ECF No. 392. On July 2, 2019, the parties notified the Court that that the parties stipulated to the voluntary dismissal without prejudice of Plaintiffs Justin Bauer of Colorado, John Borzymowski of Florida, William Bon of Washington, and Matt Muilenberg of Washington's claims against Defendant. ECF No. 397. In effect, the voluntary dismissal eliminated the remaining three causes of action the parties elected to litigate. Thus, none the original ten causes of action that the parties

2

Case No. 16-CV-04942-LHK
ORDER RE CASE MANAGEMENT

1  elected to litigate remain a part of the instant suit.

2      Thus, the Court hereby schedules a case management conference to be held on July 24,
3  2019, at 2:00 p.m. The parties shall file their joint case management statement by July 17, 2019.

4      Moreover, various motions relating to the causes of action that are now no longer a part of
5  the instant case remain on the docket. Therefore, the Court DENIES as moot the pending
6  administrative motions to file under seal, ECF Nos. 378, 387, and the pending motion to exclude
7  testimony of Plaintiffs' expert, ECF No. 379.

8  **IT IS SO ORDERED.**

10  Dated: July 3, 2019

11  _____
12  LUCY H. KOH
United States District Judge

3

Case No. 16-CV-04942-LHK
ORDER RE CASE MANAGEMENT